E-filing

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name  Polk                    Susan              M.
         (Last)                    (First)           (Initial)

Prisoner Number  X23159

Institutional Address  CCWF, P.O. Box 1508, Chowchilla, Ca 93610-1508

================================================================

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Susan Mae Polk                              )
(Enter the full name of plaintiff in this action.)    )
                                            )
             vs.                    CV )   08  No.  1483
                                            )   (To be provided by the Clerk of Court)
James Cavin, Deputy; Matt                   )
Chertkow, et., Contra Costa County          )   **COMPLAINT UNDER THE**
                                            )   **CIVIL RIGHTS ACT,**
Sheriffs Dept.                              )   **Title 42 U.S.C § 1983**
                                            )
                                            )   MMC
(Enter the full name of the defendant(s) in this action)  )
                                            )

*[All questions on this complaint form must be answered in order for your action to proceed..]*  (PR)

I.    Exhaustion of Administrative Remedies.

      [**Note:** You must exhaust your administrative remedies before your claim can go

      forward. The court will dismiss any unexhausted claims.]

      A.    Place of present confinement  CCWF. I was at Contra Costa County Superior Court
            when I was injured, in Martinez, California.
      B.    Is there a grievance procedure in this institution? There was a grievance
                                                                  process (see attached).
            YES (✓)       NO ( )

      C.    Did you present the facts in your complaint for review through the grievance

            procedure?

            YES (✓)       NO ( )

      D.    If your answer is YES, list the appeal number and the date and result of the

            appeal at each level of review. If you did not pursue a certain level of appeal,

            explain why. There is a three leveled grievance process
            in the Sheriffs Dept. I pursued my grievance to the
            third level. (see attached).

COMPLAINT                                    - 1 -

1    1. Informal appeal _____ 8/30/03 _____

2

3

4    2. First formal level _____ 8/30/03 _____

5

6

7    3. Second formal level_____

8

9

10   4. Third formal level _Avgst 29, 2003_ (no appeal number

11   was assigned per policy sheriffs Dept. - attached is

12   third level reply. Ex aa )

13        E.    Is the last level to which you appealed the highest level of appeal available to

14             you?

15                  YES (x)    NO ( )

16        F.    If you did not present your claim for review through the grievance procedure,

17   explain why._____

18   _____

19   _____

20   II.    Parties.

21        A.    Write your name and your present address. Do the same for additional plaintiffs,

22             if any.

23   Susan Mae Polk (x23154) CCWF (Central California

24   Womens Facility )

25   _____

26        B.    Write the full name of each defendant, his or her official position, and his or her

27             place of employment.

28   James Cavin, Deputy & Matt Chertkow, Lieutenant, Contra

COMPLAINT                    - 2 -

1  Costa County Sheriffs Dept. , P.O. Box 391, Martinez,

2  California  94553-0039

3

4

5  III.    Statement of Claim.

6  State here as briefly as possible the facts of your case. Be sure to describe how each

7  defendant is involved and to include dates, when possible. Do not give any legal arguments or

8  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

9  separate numbered paragraph.

10  (see attached declaration) I was battered by a sheriffs deputy

11  on 8/29/03, and he broke my arm with a blackjack. James Cavin

12  was working court security. He was supervised by Sgt. Matt Curtieaw.

13  My attorney had quit a few weeks before when I refused to plea to

14  involuntary manslaughter. She told me that I'd better not try to represent

15  myself, and that I'd better keep my mouth shut, as did her co-counsel.

16  When I came to court on 8/29/03, Cavin asked if I was submitting

17  a Faretta motion. I had it in my hand. He had asked me a week or

18  so before hand, and I'd said that I was going to represent my self.

19  Cavin said I'd better not talk in court. When I went into the court

20  room to present my motion, he took me out of the courtroom after

21  hitting my chest, and hit my elbow with a blackjack, breaking it.

22  He was supervised by Matt Curtieaw, who had told me previously
   to keep my mouth shut and not talk to reporters. I have been

23  IV.    Relief. intimidated and retaliated against by harsh treatment.

24  Your complaint cannot go forward unless you request specific relief. State briefly exactly

25  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26  I cannot straighten my right arm to date due to this injury. I

27  want financial compensation & legal vindication. I also want

28  to be safe if av/when I go to court in Contra Costa County. I did not
   discover the extent of the injury until on or about 8/29/04, when I

COMPLAINT                                    - 3 -

learned that I will never be able to straighten my arm out fully.
1  In the event I go to court again in Contra Costa County, I
2  should not be subjected to harsh treatment & intimidation, as
3  I have been. I tried to bring this complaint earlier, but
4  was prevented from doing so by custodial officials. (see attached)
                                                              Ex bb

5     I declare under penalty of perjury that the foregoing is true and correct.

6

7     Signed this _____10th_____ day of ____March_____, 20_08_

8

9                                _____Susan MacPele_____

10                                    (Plaintiff's signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                          - 4 -



County of Contra Costa

Office of the Sheriff

Warren E. Rupf
Sheriff

December 18, 2003

Ms. Susan Polk
West County Detention Facility
5555 Giant Highway
Richmond, Ca 94801
Building 8A

Dear Ms. Polk

This letter is to inform you that the investigation into your complaint against Deputy
James Cavin in which you alleged you were hit with a metal "truncheon" on August 29,
2003 has been completed.

Sergeant Matt Chertkow of Court Services conducted the investigation. His report was
reviewed by; Lieutenant Mike Fisher of Court Services, Captain Dave Pascoe of
Detention Division and by Commander George Lawrence of the Custody Services
Bureau. There was further review by Undersheriff Ronald Jarrell.

Your allegation of force could not be substantiated. Therefore, you allegation has been
classified as **unfounded**. That means; the investigation has disclosed sufficient evidence
to prove that the act complained of did not occur as alleged.

Due to the restrictions imposed by California Penal Code Section 832.7, we are unable to
release any further information concerning the officer involved. The record is considered
confidential and cannot be disclosed to anyone, or in any criminal or civil proceeding,
except by discovery pursuant to the Evidence Code.

Sincerely,

**WARREN E. RUPF**, Sheriff

Mike Casten Lieutenant
Professional Standards
(925) 335-1519

(bb)

Susan Mae Polk (x23159)
CCWF
P.O. Box 1508
Chowchilla, Ca 93610-1508

3/10/08 Statement in Support of Complaint under 42 USC 1983

I am submitting this statement in support of my 3/10/08 Complaint under 42 U.S.C sec. 1983, and request that the complaint be accepted, despite the lapse of time since the injury, for the reasons explained below: this is the earliest opportunity I have had to make this complaint due to intimidation and harrassment by custodial authorities, as well as obstruction of access to the courts in order to pursue a legal remedy.

I am serving a sentence of 16 years to life at CCWF (Central California Womens Facility).* I was convicted of Murder II in the death of my husband on 6/16/06. I was acquitted of Murder I in a 3½ month trial, in which I was self-represented. I was arrested on 10/14/02. I was sentenced on 2/23/07, and transported to VSPW on 2/27/07. I was in continous custody of the Contra Costa County Sheriffs Dept. from 10/14/02 to around 9/16/04, when I was on bail until 4/19/05. Then I was returned to custody of the sheriffs Dept. until transported to prison.

During the time I was in the custody of the sheriffs Dept., I was repeatedly subjected to discriminatory treatment by custodial authorities, and my efforts to seek justice were repeatedly thwarted. My husband had trained the Contra Costa County Probation Dept., and had

* The appeal of my conviction has not been filed yet.

... a conflict of interest, and struck my CCP 170.6 peremptory
... challenge, citing no valid legal reason.

2. At around that time, I was again told to be quiet about
what Dep. Cavin & Lt. Chretkow had done. Chretkow had
been supervising Cavin when he broke my arm to silence me.
Chretkow then covered up for Cavin.

3. I was repeatedly harrassed and threatened by a group of
officers; the intimidation escalated after my case was assigned to
Judge Brody's courtroom. I was, for example, the only inmate
transported to court in shackles. I am 5'5" tall, 106 lbs. I
had no prior criminal record, and no escape history or history
of aggression while in custody or out.

4. The Law Library at WCDF (West County Detention Facility)
repeatedly refused to provide any legal materials for civil research.
(Ex D is a copy of a request slip which indicates the Law Librarian
refused to provide civil research material thus: "No Civil."
Exhibits E & F are complaints to Prison authorities about
obstruction of access to the courts, including Law Library).

5. The problem continued after I was transported to prison on
2/27/07. I was in 'Receiving' at VSPW until 5/3/07. I was
denied access to legal materials and the law library while
in 'Receiving', as well as telephones, except for two 45
minute sessions in the library, insufficient time to familiarize
myself with library procedure and conduct any meaningful
research. Nor could I access my legal materials while in

I couldn't get the complaint prepared and filed because the Law Librarian at WCDF refused to provide civil materials.

9, Since my arrival in prison, custodial staff have repeatedly told me to stop my legal efforts. When I get battered, staff comment that my problem is my legal efforts.

10. I requested a certificate of indigency to file my complaint in december. My counselors refused to prepare the form. On March 6, 2008, I finally received the certificate. I have filed this complaint as soon as is possible. I will send it out tomorrow if the Law Librarian agrees to copy it. He has frequently refused to copy legal filings.

Signed this 10th day of March, 2008.

Susan Polk

Polk (x23159)
3/10/08

5

A

May 7, 2006

Honorable Judge Laurel Brady
California Superior Court, Contra Costa County
A.F. Bray Building, Department 31
1020 Ward Street
Martinez, California 94553

Dear Judge Brady:

In view of the hostile behavior of the prosecuting attorney following my testimony on Thursday, culminating in his refusal to proceed with cross-examination, I am hereby withdrawing from any further participation in <u>People v. Polk</u>.

It is regrettable that I was unable to completely fulfill my designated role in the case during the week I had set aside for it. It was my privilege to appear in your courtroom, and none of what follows is in any way intended to reflect unfavorably upon the Court. I hold Mr. Sequeira completely responsible for last week's debacle. Perhaps he has forgotten that justice isn't always about winning.

Allow me please to review the facts as I see them: Susan Polk is on trial for murder, because Dr. Brian Peterson, a county contractor, saw fit to present a distortion of the autopsy evidence to the Coroner, to the District Attorney's office, to the Grand Jury, and ultimately to the trier of fact in a murder trial. Not only has Mrs. Polk been indicted on false pretenses, but she has also suffered from protracted false imprisonment and estrangement from her sons as a result of Dr. Peterson's false representations.

My purpose last week was to provide a thorough exposition of the physical evidence, in sufficient detail and clarity that everyone....including the jury, the Court, the prosecuting attorney, the media and ultimately the public.... would not merely find a reasonable doubt as to the charges, but would actually see that the evidence fully exonerates Mrs. Polk. Moreover I wanted everyone to see this for themselves, rather than asking them to rely upon the opinion of one expert witness versus that of another. I have no doubt that I succeeded in this. However, normal procedure would have afforded me opportunity to further solidify my testimony by responding to cross-examination questions about the evidence, and would have allowed Mr. Sequeira an opportunity to try to create doubts about the testimony, if he chose to do so. He chose not to; instead, he created a dramatic smokescreen about some discovery issues that have no bearing on the physical evidence, and certainly have nothing whatsoever to do with the fact that an innocent woman is being held on false charges.

Mr. Sequeira is in an untenable situation, so I understand why he would want to postpone dealing with the evidence. He must either take the unconscionable path of pursuing a conviction, or the politically impossible path of dropping the charges and, in effect, admitting to the taxpayers that it was all a big mistake. I don't expect him to do either; I expect him to opt for the more astute strategy of provoking a mistrial, one which can be

blamed on a defense expert and will not reflect adversely on the Court or the District Attorney's office. Thus the innocent defendant goes free, while the county saves face. This is what I believe Mr. Sequeira is leading up to. Whether this is proper or not, it is certainly clever, and potentially may serve the cause of justice.

Given the corner Mr. Sequeira has been backed me into I have no choice but to withdraw from the case. Here are my reasons:

1) I set aside one week for this trial, and I have other obligations that will not allow me to return to Martinez before the trial wraps up. The nature of the evidence is not responsible for the delay; neither, certainly, are Susan Polk or myself. The Court decided not to allow postponement of testimony of a local, captive witness in consideration of two out-of-state witnesses, and the prosecuting attorney elected to launch into histrionics over irrelevant discovery issues, rather than getting on with his cross-examination. I have made myself very adequately available to this trial, in good faith, but legally binding obligations elsewhere will now not allow me to make myself further available than I already have.

2) Mr. Sequeira has placed me in an impossible situation by goading the Court into ordering me to perform a feat I had already declared myself – under oath – unable to perform, and without giving me any further opportunity to protest. This forces me to choose to either fail to comply with a court directive, or to make compliance moot by removing myself from the case.

3) Knowing the difficulties of an in-demand expert witness making himself available for a trial halfway across the country, Mr. Sequeira is attempting to circumvent fairness in these proceedings by delaying cross-examination of a key witness sufficiently long enough to make further participation not feasible. The issue he has concocted to disguise this tactic is altogether phony. In the first place, the contention that I relied upon anyone's statement in arriving at my opinions is completely out of line, as none of the opinions to which I testified had anything whatsoever to do with whether or not Susan Polk's version of the events was truthful. Indeed, I was expressly forbidden to express any such opinions. My statement that her version of the events was fully consistent with the autopsy evidence was a statement of fact, not opinion. Were this not so, you would have ordered it stricken from the record. Moreover whatever discovery materials Mr. Sequeira desired were a matter for the pre-trial period, and it was highly improper for him to decline to ask for anything and then attempt to portray me as a secretive, uncooperative witness for not providing it. My concerns that Mr. Sequeira would have resorted to dirty tricks to prevent me from testifying, had he known how decisively exculpatory my testimony would be, were evidently very well founded. Nor am I under any legal obligation to bring anything whatsoever to court if nothing has been subpoenaed or at least requested, particularly when everything upon which I relied in reaching my opinions, or about which I intend to testify, is already on exhibit. I have never brought anything with me to the witness stand, and this has never been questioned. Mr. Sequeira's contrivance constitutes obstruction of justice. His insistence on irrelevant, non-discoverable and previously unrequested materials, going to the extreme of demanding that the

Court send me across the country to retrieve said materials, under threat that he
will not proceed with cross-examination otherwise, constitutes an unwarranted
delay in the proceedings and an abuse of criminal procedure. All of this is
obviously designed to deprive the defendant of the benefit of a key expert witness.
Mr. Sequeira's machinations are improper and underhanded, and it causes me
great concern to see that they have been tolerated to such an extent by the Court.

4) Finally, I am outraged by Dr. Peterson's irresponsible, unprofessional and, to my
way of thinking, immoral conduct. For your information, I also have detailed
knowledge of cases in which Dr. Peterson or members of his group have
participated in covering up gross medical or nursing care negligence, wrongful
death and, in one instance, even homicide. I refrained from discussing his
connection with these incidents on the stand, because I wanted to maintain the
focus on the evidence in the Polk case. The evidence of deceitful presentation of
evidence by Dr. Peterson in this present case is conclusive, and I am profoundly
disturbed about it. I consider this man to be nothing less than a public menace.
Combining this highly charged issue with having a defendant without proper
counsel, I find myself feeling and acting more like an advocate than an impassive
witness. Mr. Sequeira's exceptionally belligerent manner really brought this out.
Since I believe that any hint of advocacy or emotionality on my part could
adversely impact upon Mrs. Polk's defense, I believe I ought to withdraw, even if
it were only on these grounds alone.

In summary, I have compelling reasons for resigning from this process. I signed on to
help all parties concerned arrive at a just conclusion to these proceedings, and I believe
I have done my best in this regard. However now that Mr. Sequeira has contrived to make
my record-keeping the central issue instead of continuing to prosecute the case based on
the facts in evidence, my continued participation can only be an impediment to the cause
of justice...and this is morally unacceptable to me. Moreover his stalling tactics have
caused me to run out of time to participate in this trial.

I will not be answering my phone this week, since I intend to make myself inaccessible to
the media until this matter is resolved, and also I must travel, but any message left on my
answering machine by your office will receive the most prompt attention possible. If you
still want the file, then of course I will send it, but I cannot imagine it will be of much use
if I am not available to testify as to its contents.

Respectfully yours,

John T. Cooper, M.D.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF CONTRA COSTA**
**MARTINEZ**

RE: PEOPLE v. Susan Polk

DOCKET NUMBER: 05-031668-7

**DECLARATION OF**
**CUSTODIAN OF**
**RECORDS**

I,   Carree Coley   declare as follows:

1) I am a duly authorized Custodian of Records of Contra Costa Regional Medical Center &
   Contra Costa Health Centers in Martinez and have authority to certify records.

2) The business is located at:  2500 Alhambra Ave., Martinez, California  94553

3) The copies enclosed are true copies of records requested by the Subpoena Duces Tecum
   served on date: March 24, 2006

   a) The records requested are:

      1) Hospital or clinic treatment records;

      2) Admission records and summaries;

      3) Reports by a Surgeon, Radiologist, Physician, or other medical staff member;

      4) Nurses notes and laboratory reports used in treatment of the above-mentioned patient;

      5) Discharge summaries and follow-up reports.

   b) The records being produced are copies of requested medical records relating to the treatment
      of:  Polk, Susan              Medical Record#   79-55-08-1       Date of Birth:   11/25/1957
      Treatment dates:  8/29/03

   c) The other records requested by the Subpoena are unavailable for the following reasons:

4) The records enclosed with this declaration were prepared by personnel of the above business in the
   ordinary course of business, at or near the time of the act, condition, or event described in the records.

5) The original records were prepared in the following manner:  Admission and treatment records are
   prepared by medical staff members, nurses, and other clinical personnel at the time the patient enters
   the facility and throughout the patient's treatment.  Observations, comments, and patient descriptions
   are noted and retained in the file. Nurses notes are kept at the station where the patient is treated.
   Records of treatment, observations, and other activity are noted regularly on these records.

6) The original records were obtained from: Each patient treated at this hospital or health center has
   an individual file which contains copies of all documents prepared during the course of treatment.
   The requested documents were removed from the patient's file, photocopied, and the photocopies
   were forwarded to the court.

I declare under penalty or perjury that this declaration is true and correct.
Executed on date: March 28, 2006     at Martinez, California.

Signature of Custodian of Records

```
CONTRA COSTA HEALTH SERVICES              MR#:    M007955081
CONTRA COSTA REGIONAL MEDICAL CENTER      Name:   POLK,SUSAN
CONTRA COSTA HEALTH CENTERS               Ph #:   (510)262-4200
                                          DOB:    11/25/57    Sex  F
DIAGNOSTIC IMAGING DEPARTMENT             Loc:    3-B
                                          Acct# : M074693904
          REPORT                          PCP:
                                          PCS:    MART

Ordering MD:
Order  Date:
Order  Time:
```

-SERVICE DATE:-08/29/03
-SERVICE TIME:-
Ordering Physician:   John I. Ellis, M.D.

RIGHT ELBOW:  FOUR VIEWS

HISTORY:   Elbow injury.

FINDINGS:   Minimally displaced comminuted fracture of humeral lateral epicondyle,
with multiple small fragments.  Elbow effusion.  No dislocation.  Normal bony
mineralization.

CONCLUSION:

Comminuted humeral lateral epicondyle fracture.


 -Michael A. Price, MD

```
PRIM         : JLG
Dictated     : 08/30/03 1124
Transcribed  : 09/01/03 0047              RADIOLOGY

Contra Costa Regional Medical Center (PCI: OE Database CCS)

Run: 09/15/03-14:23 by THOMPSON,CHRISTINA              Page 1 of 1
```

CONTRA COSTA HEALTH SERVICES
CCRMC, Martinez Health Centers
2500 Alhambra Avenue, Martinez, CA 94553

MR#:   00-79-55-08-1
NAME: POLK, SUSAN
DOB:   11/25/1957

$E_x A$

EMERGENCY DEPARTMENT REPORT

DATE: 8/29/2003

CHIEF COMPLAINT: Elbow pain.

HISTORY OF PRESENT ILLNESS: The patient is a 45-year-old female who presents ambulatory in custody of the Sheriff's, for evaluation of right elbow pain and swelling. The patient states that she was struck on the outer aspect of her elbow prior to the onset of symptoms. She has no other musculoskeletal complaints. No focal weakness. No sensory changes. The patient received Tylenol prior to arrival in the emergency department, with some improvement in her symptoms.

PAST MEDICAL HISTORY AND MEDICAL PROBLEMS: None.

MEDICATIONS: None.

**ALLERGIES:** None.

HOSPITALIZATIONS/ SURGERIES: None recent.

SOCIAL HISTORY: As above.

REVIEW OF SYSTEMS: Pertinence above, otherwise noncontributory.

EXAM: VITAL SIGNS: Normal as documented by nursing notes, reviewed by myself. GENERAL: Awake, alert, conversant, no obvious distress, non-ill appearing. EXTREMITIES: Examination of the right elbow reveals evidence of noticeable effusion over the posterior aspect of the elbow apparently involving the bursa. Range of motion of the elbow itself was intact with pain with extension and flexion. There is tenderness to palpation over the lateral aspect of the distal humerus and along the elbow joint itself. Pronation and supination were intact. Distal motor, sensory and vascular of the extremity was intact.

DIAGNOSTIC STUDIES: X-ray of the right elbow were obtained, reviewed, showed evidence of comminuted fracture of the lateral epicondyle of the humerus. Several small fragments were noted. No other abnormalities were appreciated.

IMPRESSION: Distal humeral fracture, as above.

PLAN: Long-arm splint, followup in Ortho Clinic. Vicodin, ibuprofen as comfort measure. Information sheets provided. The patient was discharged ambulatory, in stable and good condition.

Jon K. Beauchamp, MD

JKB:clh  d:  09/02/2003 03:06 PM  T:  09/02/2003 08:39 PM  Job: 16811641

ORIGINAL
Page 1 of 1

EMERGENCY DEPARTMENT REPORT

Susan Polk
West County Detention Facility
Bldg. 4, #22
5535 Giant Hwy.
Richmond, Ca. 94806

(Copy 2 of 4)
so
submitted 2 copies
for Judge Coleman
9/5/03

August 30, 2003

    On August 29, 2003, at around 9:00 a.m., I was escorted into Judge Cramin's courtroom in Martinez. While I was there, the Judge did not enter the courtroom. I was told to wait in an enclosed area just inside the court separated by glass from the rest of the room. A public defender on the other side of the glass partition asked to speak to me which we did. After discussion, I sat down to wait. A few minutes later, another public defender, Ms. Mondt, asked to speak to me and motioned for me to come to the partition where there is a window designed to permit attorney/client conference. I spoke with her for several minutes. The deputy told me to be quiet. I was moving away to sit down when Ms. Mondt gestured for me to approach again. She talked for awhile, then I answered quietly, and the deputy said loudly and in an aggressive manner that he had told me to be quiet. Then he hit me twice on my left shoulder. I said "Don't hit me." I turned to Ms. Mondt and said, "He hit me." The deputy then

told me I'd have to leave for a time
out. I went with him. He said maybe
I'd like to spend all day waiting in a cell.
He then pushed me into the anteroom
outside the courtroom, he yelled,
"You pushed me, you pushed me. How
dare you think you can resist me"
I had done nothing to resist. The
deputy then grabbed my arm, pulled
it back, and hit my elbow with
a metal truncheon. The pain was
agonizing. I burst into tears, and
said "Ow, you broke my arm," which
he ignored. I felt I was going to
collapse, the pain was so great. He
never let go of my arm, but twisted
it behind my back and pushed it
up so far that it was excruciating. I was
calling for help, that he had broken
my arm. A female deputy came
up, and the male deputy said I was
resisting. He ignored my cries that my arm was
broken and grabbed my other arm and
twisted it behind my back. I
was placed in a waiting room, where

(pp 2 of 4)

I cried and told deputies that the deputy had broken my arm. The pain was unbearable. A nurse came after awhile, but I was too distraught to talk to her at that time. A representative from Mental Health came over. As I was too upset and I couldn't stop crying from the pain and the shock that a deputy would do that to me, I refused to talk to him. He ordered that I be placed in a padded cell in shackles though I was not being aggressive. I was sitting on the floor crying and afraid I was going to be attacked.

After an hour or so, a nurse reappeared. She refused to order x-rays, saying I had a contusion. I requested to speak to a sergeant. I told him what had happened and that I wanted to make a "formal" complaint. He said it was being looked into and did not take a written statement from me. I said I needed to see a doctor and asked why I was being detained in a padded cell. At that

time, I was told it was because the mental health professional had said I was a danger to myself. I was surprised by this answer as I hadn't talked to him.

Later, a female psychologist asked if I would talk to her and I agreed. She took a history. I asked why I was being detained in a padded cell, and she said because the other psychologist said that I may be a danger to others.

At my request, I was placed in a regular cell.

After an hour or two, a doctor appeared. He examined my arm and said I had to get x-rays. It looked broken.

A Sargeant appeared later. I believe his name is Sgt. Menchin. He said I had a warrant on M/any module. We went over to M. module with Sgt. Tchenkow or Cherkow. Sgt. Cherkow took about 6 photos of my arm. We then went into a meeting room where a female investigator from the Public Defenders office took photos. I had explained to Sgt. Menchin what had happened before joining Sgt. Cherkow. I repeated that I want to make

a formal complaint and give a written
statement. Sgt. Minchin said Sgt
Chukow was handling the investigation.
I turned to Sgt. Chukow and asked
if I could give him my statement.
He said he wasn't taking any statements
from me. I asked if he didn't
want to hear what happened? He
said he'd already heard from the
deputies involved.

    About 5:00 or 6:00 pm, I was
taken to County Hospital. X-rays showed
my right arm was broken in the
elbow area. My tendon was damaged
as indicated by substantial swelling.
After several hours, I was returned to
Martinez.

    My court papers including
evidence was in a sealed legal file.
I dropped it when I was clubbed.
I requested that Deputy Jacobson return
it to me in Martinez when I returned
from the hospital as it contains confidential
information. It was not returned until

12:00 am by Deputy Jacobson when I arrived back at the West County Facility. The papers had been rearranged in my file.

I was then transferred to Bldg. 4, the disciplinary unit.

I asseverate under penalty of perjury that the foregoing is a true and correct statement to the best of my knowledge.

/s/ Susan Petie, 6/30/03

# CONTRA COSTA COUNTY
# DETENTION FACILITY

(✓) INMATE REQUEST FOR INFORMATION    ( ) MEDICAL REQUEST

To: _Law Library_

From: _Susan Polk_    Bkg # _oo7018277_

Date: _11/3 / 07_    (DOB) Housing Assignment: _tex DF 4-24_

Check One:    (✓) Request    ( ) Grievance    ( ) Appeal    ( ) Other

Request: _Nutes of Decisions west's Ann. Cal Civ. Code_
_§1688 : ஐ Damages Standaron, effect of_
_Rescission 6, effect of Rescission, in Gen 5-8,_
_Effect of Rescission Position of Parties 7 8ஐ_
_Title to property. 8._
_Limitations Period CCP 337 elseq_
_annotated_
_(3) annotated Civ. Code 1691, 3394, 36 1699, 1660_
_(4) Commercial Code § 2601 + seq(annotated)_
_2209, 2701 + seq., 2703,_
_(5) 56 ACR 13 Parol - Evid. Rule; right to_
_show Fraud Too Newch_

Date Rec'd: _11 / 3 / 07_    Rec'd By: _IMANU_

Routed To: _____

ANSWER:    ( ) APPROVED    ( ) DENIED-(state reason)
_our - No cui,_ 

By: _____    Date: _11/5_

Pink: Kept by Inmate    Yellow: Reply to Inmate    White: To Booking
DET 024: FRM 1/2/91

STATE OF CALIFORNIA

**RECEIVED**

**RECEIVED**

**INMATE/PAROLEE**
**APPEAL FORM**

MAY 3 0 2007

CDC 602 (12/87)

INMATE APPEAL'S OFFICE

**DEPARTMENT OF CORRECTIONS**

JUN 1 9 2007

INMATE APPEAL'S OFFICE
VALLEY STATE PRISON FOR WOMEN

| | Location: | Institution/Parole Region | Log No. | | Category |
| | | 1. ─── | 1. ─── | |
| | | 2. ─── | 2. ─── | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Susan Polk | NUMBER X23159 | ASSIGNMENT | UNIT/ROOM NUMBER A-4 |

A. **Describe Problem:** I have civil cases with pending due dates for filing responses. One is past due. I have an appeal with pending due dates. Since my arrival at VSPW on 2-2-7/07, I have repeatedly requested my legal material in storage, in order to take out some documents I need and my law books, as is my right under Title 15. I have requested PC (protective custody) since my arrival as I have EIFs in this facility (enemies in the facility). I was told I could not have legal material in Ad Seg & that VSPW doesn't have PC on 5/4/07, after I was assaulted by an inmate in C-4-73L, I was placed in Ad Seg & denied the paper work I had with me, which I received in the mail, & told I can't have legal papers in Ad Se. This is a violation of Title 15, Rules on Appeal & Cal Rules of Court. The refusal

**If you need more space, attach one additional sheet.** to provide legal paperwork is retaliatory.

B. **Action Requested:** Immediate provision of my legal paperwork, and access to law library and copy service.

NOTE THIS IS AN EMERGENCY 2d LEVEL APPEAL.

**Inmate/Parolee Signature:** _Susan Polk_    **Date Submitted:** 5/16/07

C. **INFORMAL LEVEL (Date Received:** _____ )

**Staff Response:** _____

**Staff Signature:** _____    **Date Returned to Inmate:** _____

D. **FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

**Signature:** _____    **Date Submitted:** _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

**CDC Appeal Number:**

**INMATE/PAROLEE** RECEIVED

**APPEAL FORM** JUL 20 2007

CDC 602 (12/87)

Location: _____ Institution/Parole Region _____ Log No. _____ Category _____

5

1. _____ 1 _____
2. _____ 2 _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| Susan Polk | X23159 | CCWF | Ad Seg. |

**A. Describe Problem:** I was transferred today (6/22/07) to CCWF from VSPW. I was in Ad Seg at VSPW due to enemy concerns. I needed protective custody. I have civil cases with pending due dates, an appeal of my criminal conviction and appeal at VSPW on a 602. At R&R, CO Renteria refused to allow me to take the documents I need to work on, except for a very few. I have one box of active files. Sgt. Gibson refused to permit me to have any paper work at all in my cell. Both objected to my referring to THE 15 § 3164 which provides inmates with a right to legal paper work in Ad Seg. Gibson said I couldn't have my paper work. Just I go to GP at CCWF.

**If you need more space, attach one additional sheet.** CO Renteria & Gibson both threatened to make things difficult for me. ~~If I refused to turn it over~~.

**B. Action Requested:** The immediate provision of my paperwork, I have court dates I need to prepare for, plus an ICC hearing which I need to present evidence at. I also was not provided with the issue in Ad Seg, including envelopes, stamps, & a writing tablet. I need legal supplies per § 3163 of Title 15 when in Ad Seg.

Inmate/Parolee Signature: Susan Polk     Date Submitted: 6/22/07

**C. INFORMAL LEVEL** (Date Received: _____)

Staff Response: _____

Staff Signature: _____ Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

RECEIVED

JUN 26 2007    AUG 9 2007    JAN - 2 2008

JUL 9 2007    AUG 9 2007

AUG 31 2007
INMATE APPEALS OFFICE
VALLEY STATE PRISON FOR WOMEN

EMERGENCY 2d LEVEL APPEAL

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. _____
2. _____

Log No.
1. A-08-0008[4]
2. _____

Category: 10

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Susan Polk | NUMBER X2-3159 | ASSIGNMENT | UNIT/ROOM NUMBER 504  134 |
|---|---|---|---|

A. **Describe Problem:** I was served by the litigation unit w/ legal papers in ad ongoing civil case Friday thursday, Aug. 9 & Aug. 13. I was not issued any paper of envelopes on 8/10/07. When other persons in this unit were who were indigent. I am indigent, & signed up for the paper. Also, I signed up for the Law Library on monday, Aug. 13, and Sgt. Roberts said I could not go because other people were going. I explained that I have pending due dates this week (8/17) & _____ for filing responses, and I need paper - envelope & access to the law library. Sgt. Roberts response was that other people have

*If you need more space, attach one additional sheet.* pending due dates too and I can wait til next month for paper.

B. **Action Requested:** Title 15 § 3164 provides that inmates placed in Ad Seg will have access to the Law library & legal supplies. I am in Ad Seg for non disiplinary reasons. Sgt. Roberts' action is forcing me to forfeit cases which entail an irreparable loss to me. I request immediate provision of paper, envelopes, & law library access w/in in Ad Seg

Inmate/Parolee Signature: _____ Date Submitted: 8/17/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Bypass

Staff Signature: _____ Date Returned to Inmate: _____

D. **FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Bypass

Signature: _____ Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

JAN - 2 2008
JAN - - .3

AUG 16 2007

Susan Reitz (× 23159)
CCWF S07-15
P.O. Box 1508
Chowchilla, Ca 93610-1508

LEGAL & CONFIDENTIAL

CENTRAL CALIFORNIA WOMEN'S FACILITY
STATE PRISON



Office of the Clerk, US District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

US POSTAGE
$01.48⁰
Mailed From 93610
03.12.2009
047J820010047
mcompost