United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | ) No. C 08-1483 MMC (PR) |
| Plaintiff, | ) **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | ) |
| JAMES CAVIN, Deputy; MATT CHERTKOW, Lt.; CONTRA COSTA COUNTY SHERIFF'S DEP'T, | ) |
| Defendants. | ) |

On March 17, 2008, plaintiff, a California prisoner incarcerated at the Central California Women's Facility in Chowchilla, California ("CCWF"), and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Background

Plaintiff alleges the following:  On August 29, 2003, when plaintiff was on her way to court to submit a "Faretta" motion, Contra Costa County Sheriff's Deputy James Cavin ("Cavin") asked plaintiff if she was going to represent herself and told her she "better not talk in court."  (Compl. at 3:19.)  When Cavin escorted plaintiff out of the courtroom, he hit her on the chest and hit her elbow with a "blackjack," breaking her elbow.  Cavin was supervised by Lt. Matt Chertkow, who previously told plaintiff to keep her mouth shut and not talk to reporters.  Plaintiff names as defendants Cavin, Chertkow and the Contra Costa County Sheriff's Department.  She seeks monetary damages and protection from retribution and harsh treatment should she again return to court in Contra Costa County.

C.   Plaintiff's Claims

Plaintiff's allegations, when liberally construed, state a cognizable claim against Cavin for the use of excessive force.  See Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (holding Due Process Clause of Fourteenth Amendment protects post-arraignment pretrial detainee from use of excessive force that amounts to punishment).

Plaintiff's allegations do not state a cognizable claim for relief against Chertkow, however, as plaintiff alleges only that Chertkow was Cavin's supervisor, and does not allege that Cherkow engaged in any unlawful conduct as to plaintiff.  A supervisor may be liable under 42 U.S.C. § 1983 only upon a showing of personal involvement in the constitutional deprivation, or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  Consequently, a supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or

2

1  knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040,
2  1045 (9th Cir. 1989).  Under no circumstances is there respondeat superior liability under
3  § 1983.  See id.  Here, plaintiff has not alleged facts showing either Chertkow's personal
4  involvement in the use of force against plaintiff on August 29, 2003, or a sufficient causal
5  connection between wrongful conduct by Cherkow and Cavin's use of excessive force.
6  Accordingly, plaintiff's claims against Chertkow are subject to dismissal from this action.
7  Plaintiff will be given leave to amend her complaint to allege, if she can do so, facts that
8  adequately set forth a basis for liability on the part of Chertkow.

9        Plaintiff's allegations likewise do not state a cognizable claim for relief against the
10  Contra Costa County Sheriff's Department.  Although local governmental entities are
11  "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a
12  constitutional tort, see Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978), in order
13  to impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff
14  must show: (1) that she possessed a constitutional right of which she was deprived; (2) that
15  the municipality had a policy; (3) that this policy amounts to deliberate indifference to the
16  plaintiff's constitutional rights; and (4) that the policy is the moving force behind the
17  constitutional violation.  See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432,
18  438 (9th Cir. 1997).  Here, plaintiff has not alleged facts showing that the Contra Costa
19  County Sheriff's Department had a policy that was deliberately indifferent to her
20  constitutional rights and that such policy was the moving force behind Cavin's use of
21  excessive force.  Consequently, plaintiff's claims against the Contra Costa County Sheriff's
22  Department are subject to dismissal from this action.  Plaintiff will be given leave to amend
23  her complaint to allege, if she can do so, facts that adequately set forth a basis for municipal
24  liability on the part of the Contra Costa County Sheriff's Department.

25  D.    Statute of Limitations

26        In addition to the pleading deficiencies discussed above, the allegations in plaintiff's
27  complaint present a further pleading problem that must be resolved before plaintiff's claims
28  can go forward.  Specifically, it appears from the face of the complaint that plaintiff's claims

are barred by the applicable statute of limitations. Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984). Here, plaintiff has been granted leave to proceed in forma pauperis and, for the reasons discussed below, the statute of limitations appears, from the face of plaintiff's complaint and the declaration attached thereto, to be a complete and obvious defense to the claims raised herein.

Section 1983 does not contain its own limitations period, see Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994); the appropriate period is that of the forum state's statute of limitations for personal injury torts, see Wilson v. Garcia, 471 U.S. 261, 276 (1985). In the event the state has multiple statutes of limitations for different torts, federal courts considering claims brought pursuant to § 1983 borrow the general or residual statute for personal injury actions. See Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999). Effective January 1, 2003, California's general residual statute of limitations for personal injury actions is two years. See Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) (citing Cal. Code Civ. Proc. § 335.1).[1] Additionally, a federal court must give effect to a state's tolling provisions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989). In California, incarceration of the plaintiff is a disability that tolls the statute for a maximum of two years. See Cal. Civ. Proc. Code § 352.1.

A claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action. See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999); Elliott, 25 F.3d at 802. Here, plaintiff alleges she was injured by Cavin on August 29, 2003, but that she did not discover the extent of her injury until she learned, on or about August 29, 2004, that she will be never be able to fully straighten her arm. (Compl. at 3-4.) The injury that is the basis of this action is Cavin's use of excessive force against plaintiff;

---

[1] Prior to January 1, 2003, the limitations period was one year. See Maldonado, 370 F.3d at 954 (citing Cal. Civ. Proc. Code § 340(3)).

4

1 because plaintiff knew of said injury on August 29, 2003,[2] such date is the date on which her
2 claim accrued.  As plaintiff had four years from the date on which her claim accrued in which
3 to file her complaint against defendants (two years under Cal. Code Civ. Pro. § 335.1 and an
4 additional two years under Cal. Code Civ. Pro. § 352.1), she was required to do so by
5 August 29, 2007.  Plaintiff did not file her complaint until March 17, 2008; accordingly, her
6 claims appear to be time-barred.

7 Plaintiff alleges in her complaint that she tried to bring her complaint earlier but "was
8 prevented from doing so by custodial officials."  (Compl. at 4.)  In support of her allegation,
9 plaintiff has attached a declaration to her complaint in which she states she was subjected to
10 intimidation by Cavin and Chertkow after her criminal case was assigned in August 2005 to
11 Judge Laurel Lindebaum Brady, for whom Chertkow's wife, Nancy, is a clerk.  (Compl. Ex.
12 bb at 2.)  Plaintiff states that once the case was assigned to Judge Brady, Cavin and Chertkow
13 told plaintiff to keep quiet about what they had done to plaintiff.  (Id.)  Additionally, plaintiff
14 states, she was "repeatedly harassed and threatened by a group of officers" after her case was
15 assigned to Judge Brady, and she was denied access to legal materials.  (Id. at 3.)  Plaintiff
16 states the problem continued even after she was transported to CCWF on February 27, 2007,
17 where, she states, she was denied access to legal materials and the law library when she
18 arrived, and has been repeatedly told to stop her legal efforts.  (Id. at 3-4.)

19 The doctrine of equitable estoppel may serve to bar application of the statute of
20 limitations as a defense where a plaintiff who knows of her cause of action reasonably relies
21 on the defendant's statements or conduct in failing to bring suit.  Sitt v. Williams, 919 F.2d
22 516, 522 (9th Cir. 1990).  In California, a defendant may be equitably estopped from
23 asserting the statute of limitations defense if the plaintiff was prevented from timely filing a
24 claim as the result of duress caused by the defendant during the applicable limitations period.
25 See Ateeq v. Najar, 15 Cal. App. 4th 1351, 1357 (1993) (finding defendant equitably
26 estopped from asserting statute of limitations defense where defendant's repeated threats of

---

[2] Additionally, plaintiff was aware on or about that date that her elbow had been injured.

5

deportation caused plaintiff to delay filing suit). Here, however, application of the equitable estoppel doctrine does not appear to be warranted because the period during which plaintiff was allegedly subjected to duress by Cavin and Chertkow ended when she was transferred to state prison on February 27, 2007, approximately six months before the statute of limitations expired on August 29, 2007. Once plaintiff was transferred out of the custody of the Contra Costa County Sheriff's Department to CCWF, she no longer was in danger from Cavin and Chertkow's threats of harm should she file a civil action against them and, thus, she could have timely filed her complaint.[3]

In sum, it appears from the face of the complaint and the declaration attached thereto that plaintiff's claims have been brought outside of the applicable statute of limitations period and must be dismissed. Plaintiff will be granted leave to amend to allege facts showing why her claims are not time-barred.

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1. The complaint is hereby DISMISSED with leave to amend. Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, in order to cure the deficiencies noted above. A copy of the form is provided herewith. Plaintiff shall complete the form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 08-1483 MMC (PR), and the phrase "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants to the action. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These

---

[3] Actions allegedly taken by CCWF prison employees after plaintiff arrived at CCWF would not equitably estop application of the statute of limitations defense as to plaintiff's claims against Cavin, Chertkow and the Contra Costa County Sheriff's Department, because no CCWF employee is a defendant to those claims.

rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**If plaintiff fails to timely file an amended complaint in conformity with this order, the action will be dismissed.**

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: April 28, 2008

_____
MAXINE M. CHESNEY
United States District Judge

7