IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | No. C 08-1483 MMC (PR) |
| Plaintiff, | **ORDER OF SERVICE; DENYING MOTION TO DISQUALIFY** |
| v. | |
| JAMES CAVIN, Deputy; MATT CHERTKOW, Lt.; CONTRA COSTA COUNTY SHERIFF'S DEP'T, | **(Docket No. 13)** |
| Defendants. | |

On March 17, 2008, plaintiff, a California prisoner incarcerated at the Central California Women's Facility in Chowchilla, California ("CCWF"), and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By order filed April 28, 2008, the Court found plaintiff's allegations, when liberally construed, state a cognizable claim against Contra Costa County Sheriff's Deputy James Cavin ("Cavin") for the use of excessive force. As plaintiff's allegations did not suffice, however, to state cognizable claims for relief against the two other named defendants, specifically, Lt. Matt Chertkow and the Contra Costa County Sheriff's Department, the claims against those two defendants were dismissed with leave to amend.

Further, the Court determined that in addition to the pleading deficiencies discussed above, it appeared from the face of the complaint that plaintiff's claims are barred by the applicable statute of limitations. Specifically, based on the allegations in the complaint, plaintiff's excessive force claim accrued on August 29, 2003, the date on which she was injured, and under applicable case law plaintiff therefore had, at best, until August 29, 2007

to file a timely complaint. Plaintiff, however, did not file her complaint until March 17, 2008. Nevertheless, as plaintiff alleged that she had been prevented by custodial officials from bringing her complaint earlier, the Court granted plaintiff leave to amend to show the complaint was not time-barred. Specifically, the Court found as follows:

> The doctrine of equitable estoppel may serve to bar application of the statute of limitations as a defense where a plaintiff who knows of her cause of action reasonably relies on the defendant's statements or conduct in failing to bring suit. Sitt v. Williams, 919 F.2d 516, 522 (9th Cir. 1990). In California, a defendant may be equitably estopped from asserting the statute of limitations defense if the plaintiff was prevented from timely filing a claim as the result of duress caused by the defendant during the applicable limitations period. See Ateeq v. Najar, 15 Cal. App. 4th 1351, 1357 (1993) (finding defendant equitably estopped from asserting statute of limitations defense where defendant's repeated threats of deportation caused plaintiff to delay filing suit). Here, however, application of the equitable estoppel doctrine does not appear to be warranted because the period during which plaintiff was allegedly subjected to duress by Cavin and Chertkow ended when she was transferred to state prison on February 27, 2007, approximately six months before the statute of limitations expired on August 29, 2007. Once plaintiff was transferred out of the custody of the Contra Costa County Sheriff's Department to CCWF, she no longer was in danger from Cavin and Chertkow's threats of harm should she file a civil action against them and, thus, she could have timely filed her complaint.[1]
>
> In sum, it appears from the face of the complaint and the declaration attached thereto that plaintiff's claims have been brought outside of the applicable statute of limitations period and must be dismissed. Plaintiff will be granted leave to amend to allege facts showing why her claims are not time-barred.
>
> _____
>
> [1] Actions allegedly taken by CCWF prison employees after plaintiff arrived at CCWF would not equitably estop application of the statute of limitations defense as to plaintiff's claims against Cavin, Chertkow and the Contra Costa County Sheriff's Department, because no CCWF employee is a defendant to those claims.

(Order, filed Apr. 28, 2008, at 3:20-4:14.)

On May 15, 2008, plaintiff filed a first amended complaint, on December 22, 2008, she filed a second amended complaint, and on January 9, 2009 she filed a third amended complaint. Liberally construed, the allegations in the third amended complaint ("TAC")[1] state the following cognizable claims for relief: (1) the use of excessive force on August 29,

---

[1] The TAC supercedes plaintiff's first and second amended complaints. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

1 2003, by defendant Cavin; (2) supervisorial liability based on the failure of defendant
2 Chertkow to properly train Cavin and respond to Cavin's use of force; and (3) supervisorial
3 liability based on Contra Costa County Sheriff Warren Rupf's implementation of a policy of
4 placing "the most aggressive and violent officers in charge of the most vulnerable" inmates.
5 (TAC ¶ 34.)

6 In addition to the above-noted claims, plaintiff raises claims against various prison
7 officials at CCWF, where plaintiff currently is incarcerated, alleging such officials prevented
8 her from filing a timely complaint by denying her access to the law library, legal supplies,
9 legal materials, and access to a phone; liberally construed, such allegations state a cognizable
10 claim for denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996)
11 (holding prisoners have constitutional right of access to courts).[2]

12 With respect to the question of timeliness, the Court, based on plaintiff's allegations
13 concerning attempts on the part of defendants to prevent plaintiff from filing the instant
14 action, the Court will not at this time dismiss the complaint as time-barred. In so doing, the
15 Court does not decide that a properly supported motion to dismiss on statute of limitations
16 grounds would not succeed. Rather, the burden has now shifted to defendants with respect to
17 whether they will assert such an affirmative defense.

18 Lastly, the Court addresses plaintiff's recently-filed Motion to Disqualify, in which
19 she moves, under 28 U.S.C. § 144, to disqualify the undersigned from presiding over this
20 matter. Plaintiff's motion is premised solely on her contention that the Court is biased
21 against her because the complaint has not yet been ordered served.

22 A party may move to disqualify, or recuse, a judge from presiding in a given case.

---

[2] As CCWF is located in Chowchilla, which, in turn, is located in Madera County, a civil rights action brought by plaintiff solely against the CCWF defendants would be properly venued in the United States District Court for the Eastern District of California. See 28 U.S.C. § 84(b). In the instant matter, however, plaintiff names defendants who reside in both the Northern and Eastern Districts. Accordingly, venue is proper in this district. See 28 U.S.C. § 1391(b) (providing, inter alia, that when jurisdiction is not founded solely on diversity, venue is proper in the district in which "any defendant resides, if all of the defendants reside in the same state"). The Court makes no determination at this time as to whether the claims against the CCWF defendants are improperly joined under Rule 21 of the Federal Rules of Civil Procedure.

Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. See 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," id. § 455(b)(1).

A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. See id.; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. See id. at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. See Sibla, 624 F.2d at 868. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well. Sibla, 642 F.2d at 867.

Here, as noted, plaintiff moves to disqualify the undersigned on the ground of bias and prejudice based on the Court's failure to order the instant complaint served. Plaintiff's allegations categorically fail to establish any basis, under either § 144 or § 455, for a determination that the Court's impartiality might reasonably be questioned herein, and, consequently, are insufficient as a matter of law. See Liteky v. United States, 510 U.S. 540, 555 (1994) (holding judicial rulings on basis of facts introduced or events occurring in course of judicial proceedings "almost never" provide grounds for recusal); Sibla, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice

4

that "stems from an extrajudicial source").

Accordingly, the motion to disqualify will be denied.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion to disqualify is hereby DENIED. (Docket No. 13.)

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon: <u>(1) defendants Deputy James Cavin, Sgt. Matt Chertkow and Sheriff Warren Rupf at the Contra Costa County Sheriff's Department; (2) defendants Sgt. Roberts and Sgt. Gibson at the Central California Women's Facility in Chowchilla; and (3) defendant Warden Gail Patrick at the California Department of Corrections in Sacramento.</u> The Clerk shall also <u>mail courtesy copies</u> of the complaint and this order to the California Attorney General's Office.

3. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim found to be cognizable above.

    a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied Alameida v. Terhune</u>, 540 U.S. 810 (2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants shall so inform the Court prior to the date the summary judgment motion is due.</u>**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and

served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

        a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[3]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is

---

[3] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 13.

IT IS SO ORDERED.

DATED: April 30, 2009

_____
MAXINE M. CHESNEY
United States District Judge