IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | No. C 08-1483 MMC (PR) |
| Plaintiff, | **ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION AND APPOINTMENT OF COUNSEL** |
| v. | |
| JAMES CAVIN, et al., | **(Docket Nos. 23, 31)** |
| Defendants. | |

On March 17, 2008, plaintiff, a California prisoner incarcerated at the Central California Women's Facility in Chowchilla, California ("CCWF"), and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Thereafter, by order filed April 30, 2009, the Court found the allegations in plaintiff's third amended complaint, when liberally construed, state the following cognizable claims for relief: (1) the use of excessive force by Contra Costa County ("CCC") Sheriff's Deputy James Cavin; (2) supervisorial liability based on the failure of CCC Sheriff's Deputy Lt. Chertkow to properly train Cavin and respond to Cavin's use of force; (3) supervisorial liability based on CCC Sheriff Warren Rupf's implementation of a policy that led to Cavin's use of excessive force; and (4) the denial of access to the courts by various prison officials at CCWF. By such order, the Court ordered the complaint served and directed defendants to file a motion for summary judgment or other dispositive motion with respect to plaintiff's cognizable claims.

On July 14, 2009, prior to any defendant having made an appearance herein, plaintiff

filed a motion for a preliminary injunction compelling prison officials at CCWF (1) to provide plaintiff with access to the law library in furtherance of her prosecution of this and numerous other legal actions, (2) provide plaintiff with basic necessities, such as clothing and linens, she claims she is being denied, and (3) cease harassing plaintiff in retaliation for her legal activities. On July 16, 2009, defendants Cavin, Chertkow and Ruff filed a motion to dismiss the complaint based on plaintiff's failure to exhaust administrative remedies and on statute of limitations grounds. The defendants employed at CCWF have not yet made an appearance.

The Court will not rule on plaintiff's motion for a preliminary injunction at this time as plaintiff has neither complied with the notice requirement for issuance of a preliminary injunction, see Fed. R. Civ. P. 65(a)(1), nor has she certified any efforts made to give notice and the reasons why it should not be required, Fed. R. Civ. P. 65(b)(1)(B). Accordingly, the motion for preliminary injunction is hereby DENIED, without prejudice to plaintiff's filing a properly noticed motion.[1]  (Docket No. 23.)

On August 3, 2009, plaintiff filed a motion for the appointment of counsel to represent her in this action. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to articulate

---

[1] Further, plaintiff is advised that the Court will not grant preliminary injunctive relief with respect to any matter that is not at issue in the instant action. Specifically, plaintiff's assertions that prison officials at CCWF are denying plaintiff the ability to litigate actions other than the above-titled action, are denying her basic necessities, and are housing her in unsafe conditions of confinement, must be pursued against the responsible CCWF officials in a separate action filed in the United States District Court for the Eastern District of California, the venue wherein CCWF is located. See 18 U.S.C. § 84(b).

1 his claims pro se in light of the complexity of the legal issues involved.  See Agyeman v.
2 Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  To date, plaintiff has
3 been able to present her claims in an adequate manner and there are no exceptional
4 circumstances warranting appointment of counsel at this time.  Should the circumstances of
5 the case materially change, the Court may reconsider plaintiff's request sua sponte.
6 Accordingly, the motion for appointment of counsel is hereby DENIED.  (Docket No. 31.)

This order terminates Docket Nos. 23 and 31

IT IS SO ORDERED.

DATED: August 12, 2009

MAXINE M. CHESNEY
United States District Judge