IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | ) No. C 08-1483 MMC (PR) |
| Plaintiff, | ) **ORDER DENYING PLAINTIFF'S** |
| | ) **MOTIONS FOR RECONSIDERATION** |
| v. | ) **AND PRELIMINARY INJUNCTION;** |
| | ) **STRIKING ORDER TO SHOW** |
| JAMES CAVIN, et al., | ) **CAUSE; GRANTING EXTENSION OF** |
| | ) **TIME; SETTING BRIEFING** |
| Defendants. | ) **SCHEDULE** |
| _____ ) | **(Docket Nos. 42, 47, 48, 50, 51)** |

On March 17, 2008, plaintiff, a California prisoner incarcerated at the Central California Women's Facility in Chowchilla, California ("CCWF"), and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Thereafter, by order filed April 30, 2009, the Court found the allegations in plaintiff's third amended complaint, when liberally construed, state the following cognizable claims for relief: (1) the use of excessive force by Contra Costa County ("CCC") Sheriff's Deputy James Cavin; (2) supervisorial liability based on the failure of CCC Sheriff's Deputy Lt. Chertkow to properly train Cavin and respond to Cavin's use of force; (3) supervisorial liability based on CCC Sheriff Warren Rupf's implementation of a policy that led to Cavin's use of excessive force; and (4) the denial of access to the courts by various prison officials at CCWF. By such order, the Court ordered the complaint served and directed defendants to file a motion for summary judgment

or other dispositive motion with respect to plaintiff's cognizable claims.

On July 14, 2009, prior to any defendant having made an appearance herein, plaintiff filed a motion for a preliminary injunction, by which plaintiff sought to compel prison officials at CCWF to: (1) provide plaintiff with access to the law library in furtherance of her prosecution of this and numerous other legal actions, (2) provide plaintiff with basic necessities, such as clothing and linens, she claims she is being denied, and (3) cease harassing plaintiff in retaliation for her legal activities. By order filed August 12, 2009, the Court denied the motion for preliminary injunction without prejudice, due to plaintiff's failure either to comply with the notice requirement for issuance of a preliminary injunction, see Fed. R. Civ. P. 65(a)(1), or to certify any efforts made to give notice and the reasons why it should not be required, Fed. R. Civ. P. 65(b)(1)(B). Additionally, the Court informed plaintiff as follows:

> Further, plaintiff is advised that the Court will not grant preliminary injunctive relief with respect to any matter that is not at issue in the instant action. Specifically, plaintiff's assertions that prison officials at CCWF are denying plaintiff the ability to litigate actions other than the above-titled action, are denying her basic necessities, and are housing her in unsafe conditions of confinement, must be pursued against the responsible CCWF officials in a separate action filed in the United States District Court for the Eastern District of California, the venue wherein CCWF is located. See 18 U.S.C. § 84(b).

(Order, filed Aug. 12, 2009, at 2 n.1.)

Thereafter, plaintiff filed a motion for reconsideration of the Court's order,[1] on the grounds that she had provided the defendants with notice of the motion and that CCWF prison officials are preventing her from litigating other actions against parties in Contra Costa County, specifically, a challenge to her criminal conviction and "litigation to protect substantial property rights." (Mot. Recon. at 1.) In addition, plaintiff has filed a renewed motion for a preliminary injunction, based on assertions that because of her legal filings, prison officials are retaliating against her by preventing her from litigating her pending actions.

Plaintiff's motion for reconsideration and renewed motion for issuance of a

---

[1]Plaintiff filed the identical motion twice. (See Docket Nos. 42 & 47.)

2

preliminary injunction will be denied.[2] Both motions seek injunctive relief against prison officials at CCWF based on assertions that are substantially similar to those made by plaintiff in her initial request for a preliminary injunction. As noted above, plaintiff was specifically informed in the Court's prior order that the Court will not grant injunctive relief against prison officials at CCWF on such grounds. Further, plaintiff has been able to adequately litigate the instant action; in particular, there is no evidence that the actions of prison officials at CCWF have resulted in a ruling unfavorable to plaintiff in this matter. Notably, in the past month alone plaintiff has filed five documents herein, including well-pleaded documents of several pages in length, detailing her legal concerns. Consequently, the preliminary injunctive relief sought by plaintiff is not warranted.

Plaintiff has moved for an extension of time to file opposition to the separate motions to dismiss filed by the CCC and CCWF defendants. Good cause appearing, plaintiff's request will be granted. Within **sixty (60)** days of the date this order is filed, plaintiff shall serve on defendants and file with the court her opposition to each motion to dismiss. Defendants shall file a reply with **twenty (20)** days of the date they are served with plaintiff's opposition. The motions will be deemed submitted as of the date the replies are filed. No hearing will be held unless so ordered by the Court.

## CONCLUSION

For the foregoing reasons, the Court orders are follows:

1. Plaintiff's motion for reconsideration is hereby DENIED. (Docket Nos. 42 & 47.)

2. Plaintiff's motion for a preliminary injunction is hereby DENIED. (Docket No. 50.)

3. Plaintiff's Order to Show Cause why preliminary injunctive relief should not be granted is hereby STRICKEN. (Docket No. 51.)

---

[2]Together with her renewed motion for the issuance of a preliminary injunction plaintiff has filed an Order to Show Cause directing defendants to respond thereto. For the reasons discussed below, the Court finds the motion for injunctive relief should be denied; accordingly, the Order to Show Cause will be stricken and defendants will not be required to respond.

3

4. Plaintiff's request for an extension of time to oppose defendants' dispositive motions is hereby GRANTED.

This order terminates Docket Nos. 42, 47, 48, 50 and 51.

IT IS SO ORDERED.

DATED: October 2, 2009

_____
MAXINE M. CHESNEY
United States District Judge