IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | No. C 08-1483 MMC (PR) |
| Plaintiff, | **ORDER GRANTING EXTENSION OF TIME FOR PLAINTIFF TO OPPOSE DEFENDANTS' MOTIONS TO DISMISS; SETTING BRIEFING SCHEDULE** |
| v. | |
| JAMES CAVIN, et al., | |
| Defendants. | **(Docket No. 62)** |

Before the Court is plaintiff's third request, filed January 21, 2009, for an extension of time to file opposition to the two motions to dismiss filed by defendants. In support thereof, plaintiff, as she did in her second request for extension of time, cites to her current placement in the Administrative Segregation Unit at the Valley State Prison for Women ("VSPW") and her consequent inability to access her legal materials and the law library on a regular basis. The Court will grant plaintiff a limited extension of time for the reasons discussed below.

On July 16, 2009, the Contra Costa County ("CCC") defendants filed a motion to dismiss the complaint on the grounds plaintiff has failed to exhaust her administrative remedies with respect to the claims against the CCC defendants, and the claims are barred by the statute of limitations. In accordance with the scheduling order for responding to defendants' motion, as set forth in the Court's Order of Service, plaintiff was required to file opposition to the CCC defendants' motion within thirty days of the date the motion was filed.

1 Consequently, plaintiff's opposition was due August 16, 2009. To date, plaintiff has been
2 granted two extensions of time to file her opposition, with the most recent deadline set for
3 February 7, 2010. In sum, plaintiff has been granted almost six months in which to file her
4 opposition to the CCC defendants' motion to dismiss.

On September 15, 2009, the Central California Women's Facility ("CCWF") defendants filed a motion to dismiss the complaint on the ground that plaintiff has failed to exhaust her administrative remedies with respect to the claims against them. In accordance with the above-referenced scheduling order set forth in the Court's Order of Service, plaintiff was required to file opposition to the CCWF defendants' motion within thirty days of the date the motion was filed. Consequently, plaintiff's opposition was due October 15, 2009. As with plaintiff's opposition to the CCC defendants' motion to dismiss, plaintiff has been granted two extensions of time to file her opposition to the CCWF defendants' motion to dismiss, with the most recent deadline set for February 7, 2010. Thus, plaintiff has been granted almost four months in which to file her opposition to the CCWF defendants' motion to dismiss.

In light of plaintiff's incarcerated and pro se status, the Court will grant plaintiff one further extension of time to file opposition to both motions to dismiss. As plaintiff has now been provided a considerable number of months in which to file her oppositions, however, <u>no further extensions will be granted absent a showing of extraordinary circumstances</u>. In particular, the fact that plaintiff is housed in administrative segregation at VSPW will not suffice as a reason for continued extensions, given that plaintiff does have limited law library access. Further, the non-exhaustion defense raised by defendants is in large part a fact-based question, and dependent upon information within plaintiff's own knowledge. Additionally, the statute of limitations defense raised by the CCWF defendants in their motion to dismiss was raised by the Court sua sponte in its initial order dismissing the complaint with leave to

amend, and plaintiff responded to that order by arguing the claims are not time-barred.[1] Thus, plaintiff previously has been apprised of, and has responded to, the same statute of limitations defense now raised by the CCWF defendants.

Based on the foregoing, plaintiff's request for an extension of time to file opposition to defendants' respective motions to dismiss is hereby GRANTED. Plaintiff shall file her two oppositions no later than **February 22, 2010.** Defendants shall file their respective replies within **fourteen (14)** days of the date they are served with plaintiff's opposition. The motions will be deemed submitted as of the date the replies are filed. Absent an order to such effect, no hearing will be held.

This order terminates Docket No. 62.

IT IS SO ORDERED.

DATED: February 2, 2010

MAXINE M. CHESNEY
United States District Judge

---

[1] The Court subsequently declined to dismiss the complaint sua sponte as time-barred, without prejudice to defendants' raising the statute of limitations defense in a properly supported motion to dismiss.