IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | ) No. C 08-1483 MMC (PR) |
| Plaintiff, | ) **ORDER GRANTING MOTION TO** |
| v. | ) **DISMISS BY DEFENDANTS CAVIN,** |
| | ) **CHERTKOW AND RUPF;** |
| DEPUTY JAMES CAVIN, et al., | ) **DIRECTIONS TO CLERK** |
| Defendants. | ) |
| _____ | ) **(Docket No. 25)** |

On March 17, 2008, plaintiff, a California prisoner incarcerated at the Central California Women's Facility in Chowchilla, California ("CCWF"), and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Thereafter, by order filed April 30, 2009, the Court found the allegations in plaintiff's third amended complaint ("TAC"), when liberally construed, state the following cognizable claims for relief: (1) use of excessive force by Contra Costa County ("CCC") Sheriff's Deputy James Cavin ("Deputy Cavin") when plaintiff was in the custody of the CCC Sheriff's Department; (2) supervisorial liability based on the failure of CCC Sheriff's Deputy Lt. Matt Chertkow ("Lt. Chertkow") to properly train Cavin and respond to Cavin's use of force; (3) supervisorial liability based on CCC Sheriff Warren Rupf's ("Sheriff Rupf") implementation of a policy that led to Cavin's use of excessive force; and (4) the denial of access to the courts by various prison officials at CCWF. By that same order, the Court directed defendants to file a motion for summary judgment or other dispositive motion with respect to plaintiff's cognizable claims.

Now pending before the Court is the motion, filed by CCC defendants Deputy Cavin, Lt. Chertkow and Sheriff Rupf to dismiss the claims against them on the ground that plaintiff failed to exhaust administrative remedies prior to filing suit or, alternatively, that plaintiff's claims are barred by the statute of limitations.[1] Plaintiff has opposed the motion and defendants have filed a reply.

## BACKGROUND[2]

In the TAC, plaintiff alleges the following:

On August 29, 2003, when plaintiff was on her way to court to submit a "Faretta" motion, Deputy Cavin asked plaintiff if she was going to represent herself and told her she "better not talk in court." (TAC at 12:¶6-13:¶7.) When, prior to presenting her motion, plaintiff was conferring through a plexi-glass window with two representatives from the Public Defender's office, Cavin interrupted, shouting "I told you not to talk in court," and then hit plaintiff twice on her left shoulder and chest. (TAC at 15:¶¶12-13.) Lt. Chertkow was watching through the plexi-glass but did nothing to intervene. (TAC at 15:¶16.)

Cavin then removed plaintiff from the courtroom into the holding area and hit plaintiff on her elbow with a "blackjack," causing her to collapse on the floor in excruciating pain. (TAC at 16:¶¶18-20.) Plaintiff cried out to a female deputy that her elbow was broken. (TAC at 16:¶21.) Before plaintiff was taken to the hospital, Lt. Chertkow was extremely hostile toward her, refused to allow her to file a complaint against Deputy Cavin, and threatened to charge her with battery against a police officer. (TAC at 18:¶31.) Later that afternoon, plaintiff was taken to a local hospital where an X-ray confirmed her elbow was broken. (TAC at 18:¶¶32-33.)

---

[1] The CCWF defendants have filed a separate motion to dismiss on the ground of plaintiff's failure to exhaust administrative remedies with respect to the claims asserted against the CCWF defendants in the TAC. (Docket No. 44.) The motion has been fully briefed and is addressed in a separate order filed concurrently herewith.

[2] As the instant motion pertains solely to the claims asserted against defendants Cavin, Chertkow and Rupf, only the facts alleged by plaintiff in the TAC with respect to those claims are set forth herein.

2

On March 17, 2008, plaintiff filed her original complaint in the instant action. On January 9, 2009, she filed her TAC, in which she alleges that her constitutional right to due process was violated by Deputy Cavin's use of excessive force against her, Lt. Chertkow's failure to properly train Cavin and respond to Cavin's use of force, and Sheriff Rupf's implementation of a policy of placing "the most aggressive and violent officers in charge of the most vulnerable" inmates. (TAC at 30-31:¶5, 31:¶9, 32:¶34 .)

**DISCUSSION**

Defendants move to dismiss the claims against them on the ground that plaintiff failed to exhaust her administrative remedies prior to filing suit, or, alternatively, that such claims are barred by the statute of limitations. For the reasons discussed below, the Court will grant the motion to dismiss the claims as time-barred.

A.  Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A defense of statute of limitations may be raised by a motion to dismiss if the running of the relevant statute of limitations is apparent on the face of the complaint. Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n.1 (9th Cir.1987). When a motion to dismiss is based on the running of a statute of limitations, the motion can be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980) (internal citation omitted).

In considering a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). In ruling on a Rule 12(b)(6) motion, the court may not consider any material outside the complaint but may consider exhibits attached thereto. See

1  Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 925 (9th Cir. 2001); Fed.
2  R. Civ. P. 10(c) (treating exhibits attached to complaint as part of complaint for purposes of
3  12(b)(6) motion).

4  B.     Analysis

Defendants argue plaintiff's claims against them are time-barred because the complaint was not filed in compliance with the applicable statute of limitations. Section 1983 does not contain its own limitations period. See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). Rather, the appropriate period is that of the forum state's statute of limitations for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). In the event the state has multiple statutes of limitations for different torts, federal courts considering claims brought pursuant to § 1983 borrow the general or residual statute for personal injury actions. See Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999).

Effective January 1, 2003, California's general residual statute of limitations for personal injury actions is two years. See Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004) (citing Cal. Code Civ. Proc. § 335.1).[3] Additionally, a federal court must give effect to a state's tolling provisions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989). In California, incarceration of the plaintiff is a disability that tolls the running of the statutory period for a maximum of two years. See Cal. Civ. Proc. Code § 352.1.

Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action. See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999); Elliott, 25 F.3d at 802. Here, the injury that forms the basis of the instant action is Cavin's use of excessive force against plaintiff. Because plaintiff knew of said injury on August 29, 2003,[4] such date is the date on which her claim accrued. Consequently, had plaintiff remained continuously incarcerated for at least two years thereafter, plaintiff,

---

[3] Prior to January 1, 2003, the limitations period was one year. See Maldonado, 370 F.3d at 954 (citing Cal. Code Civ. Proc. § 340(3)).

[4] Additionally, plaintiff alleges she was aware on that date that her elbow had been broken.

1 under California law, would have had at most four years from the date on which her claim
2 accrued in which to commence her action against defendants (two years under Cal. Code Civ.
3 Proc. § 335.1 and an additional two years under Cal. Code Civ. Proc. § 352.1). Thus,
4 plaintiff would have been required to file her original complaint in the instant action no later
5 than August 29, 2007. See Sain v. City of Bend, 309 F.3d 1134 at 1136-37 (9th Cir. 2002)
6 (holding federal action containing federal cause of action commences when complaint filed).

7 Defendants argue, however, that the period of statutory tolling under § 352.1 ended,
8 and time under the statute of limitations began to run again, when plaintiff's disability of
9 imprisonment ended due to her release from custody on bail on September 15, 2004;
10 defendants further argue tolling was not reinstated when plaintiff was arrested and
11 reincarcerated on April 10, 2005. Defendants maintain, therefore, that once plaintiff was
12 released from custody she was required to commence her action against them within the two-
13 year period afforded by § 335.1, i.e., by September 15, 2006. Plaintiff did not commence her
14 action, however, until she filed her original complaint in the instant action on March 17,
15 2008.

16 In opposition, plaintiff contends the tolling continued even after her release because
17 bail is a form of ongoing custody for purposes of § 352.1. Additionally, she argues that even
18 if the statutory time began to run upon her release on bail on September 15, 2004, tolling was
19 reinstated when she was reincarcerated on April 10, 2005 on the same criminal charges that
20 led to her original arrest and incarceration.

21 The Court finds plaintiff's arguments unpersuasive. While the disability of
22 imprisonment is triggered by a plaintiff's arrest and incarceration, see Elliott, 25 F.3d at 802-
23 03, such disability ends when the plaintiff is released from physical custody. See Boag v.
24 Chief of Police, 669 F.2d 587, 589 (9th Cir. 1982) (construing Oregon tolling provision
25 similar to California's and holding tolling ceased upon prisoner's release on parole);
26 Coronado v. Gilbertson, No. 01-3602 TEH (PR), 2002 WL 1483843, *2 (N.D. Cal. 2002)
27 (holding tolling period under California statute ended when plaintiff released on bail);
28 Deutch v. Hoffman, 165 Cal. App. 3d 152, 166 (1984) (holding time under statute of

5

limitations not tolled during period prisoner was on parole). Moreover, plaintiff's subsequent reincarnation does not reinstate tolling under § 352.1, because that section tolls the statutory time only during the continuance of the disability that existed at the time the cause of action arose.

See Cal. Code Civ. Proc. § 352.1 (providing prisoner entitled to statutory tolling if imprisoned "at the time the cause of action accrued"); see also Boag, 669 F.2d at 589 (holding subsequent reincarceration does not reinstate prior disability of imprisonment for purposes of statutory tolling). Consequently, the Court concludes that, based on the applicable California statutes, plaintiff was required to commence her action by no later than September 15, 2006.

Plaintiff further argues that even if she was not entitled to statutory tolling after her release, she is entitled to invoke the doctrine of equitable estoppel to prevent dismissal of her claims as time-barred. The doctrine of equitable estoppel may serve to bar application of the statute of limitations as a defense where a plaintiff who knows of her cause of action reasonably relies on the defendant's statements or conduct in failing to bring suit. Sitt v. Williams, 919 F.2d 516, 522 (9th Cir. 1990). In California, a defendant may be equitably estopped from asserting the statute of limitations as a defense if the plaintiff was prevented from timely filing a claim as a result of duress caused by the defendant during the applicable limitations period. See Ateeq v. Najar, 15 Cal. App. 4th 1351, 1357 (1993) (finding defendant equitably estopped from asserting statute of limitations as defense where defendant's repeated threats of deportation caused plaintiff to delay filing suit). In order for equitable estoppel to apply, a plaintiff must show she was unable to file a timely claim as a result of her "actual and reasonable reliance" on the defendants' conduct or representations during the applicable limitations period. Santa Maria v. Pacific Bell, 202 F.3d 1170, 1176 (9th Cir. 2000).

In support of her equitable estoppel argument, plaintiff maintains, based on the allegations in her TAC, that she could not file her claims because (1) after she was assaulted by Cavin on August 29, 2003, she was intimidated by defendants' hostility toward her; (2)

after her criminal case was assigned in August 2005 to Judge Laurel Lindebaum Brady, for whom defendant Chertkow's wife is a clerk, plaintiff was threatened by defendants to keep quiet about what they had done to her and was denied access to her legal materials; and (3) after plaintiff was transferred to CCWF in February 2007, the intimidation continued when she was denied access to legal materials and the law library upon her arrival, and has been repeatedly told to stop her legal efforts.

The facts alleged by plaintiff do not support her assertion that defendants are equitably estopped from asserting the statute of limitations defense because she was prevented from timely bringing her claims against defendants as a result of defendants' conduct or representations made to her during the applicable limitations period. Specifically, even if the Court assumes defendants' actions prevented plaintiff from filing her complaint while she was in defendants' custody between August 29, 2003 (the date on which she alleges she was assaulted) and September 15, 2004 (the date on which she was released on bail), plaintiff subsequently was out of custody for close to seven months, i.e., until April 10, 2005, and she has made no allegation concerning any conduct or representations by defendants during that period that would have prevented her from filing her complaint. Further, even if the Court assumes defendants' actions starting in August 2005 prevented plaintiff from filing her complaint thereafter, plaintiff nonetheless had at least three months prior thereto to timely file a complaint following her reincarceration in April 2005. Lastly, because the Court has found the limitations period expired on September 14, 2006, the alleged actions taken by prison officials at CCWF following plaintiff's transfer to such facility in February 2007 could not have prevented plaintiff from filing a timely action.

Based on the above, the Court finds plaintiff was required to file her claims against defendants Cavin, Chertkow and Rupf by September 15, 2006, but did not do so until March 17, 2008. Further, defendants are not equitably estopped from raising the statute of

7

limitations as a defense.[5] Accordingly, defendants' motion to dismiss the claims against them as time-barred will be granted.

## CONCLUSION

For the foregoing reasons, the motion of defendants Cavin, Chertkow and Rupf to dismiss the claims against them as time-barred is hereby GRANTED. Upon the filing, concurrently herewith, of the Court's separate order granting the motion to dismiss filed by defendants Gibson and Roberts, the Clerk shall enter judgment in favor of all defendants and close the file.

This order terminates Docket No. 25.

IT IS SO ORDERED.

DATED: March 18, 2010

MAXINE M. CHESNEY
United States District Judge

---

[5] In light of such findings, the Court does not reach defendants' alternative argument that plaintiff has failed to exhaust her administrative remedies with respect to the claims against them.

8