IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPUTY JAMES CAVIN, et al.,<br>    Defendants.<br>_____ | No. C 08-1483 MMC (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS BY DEFENDANTS GIBSON AND ROBERTS; DISMISSING UNSERVED DEFENDANT PATRICK; DIRECTIONS TO CLERK**<br><br>**(Docket No. 44)** |

On March 17, 2008, plaintiff, a California prisoner incarcerated at the Central California Women's Facility in Chowchilla, California ("CCWF"), and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Thereafter, by order filed April 30, 2009, the Court found the allegations in plaintiff's third amended complaint ("TAC"), when liberally construed, state the following cognizable claims for relief: (1) violation of plaintiff's constitutional rights by Contra Costa County Jail ("CCCJ") officials when plaintiff was in their custody in August 2003, and (2) the denial of access to the courts by various prison officials at CCWF. By that same order, the Court directed defendants to file a motion for summary judgment or other dispositive motion with respect to plaintiff's cognizable claims.

Now pending before the Court is the motion filed by CCWF defendants Sgt. Roberts and Sgt. Gibson to dismiss the claims against them on the ground that plaintiff failed to

exhaust administrative remedies prior to filing suit.[1]  Plaintiff has opposed the motion and defendants have filed a reply.[2]

## BACKGROUND[3]

In the TAC, plaintiff alleges the following:

On August 29, 2003, when plaintiff was incarcerated at the CCCJ, she was assaulted without cause by Sheriff's Deputy James Cavin. (TAC at 16:¶¶ 18-20.) In February 2007, plaintiff was transferred to the Valley State Prison for Women ("VSPW") (TAC at 38:¶ 14), and in June 2007 she was transferred to administrative segregation at CCWF (TAC at 40:¶ 18). In August 2007, plaintiff filed emergency administrative appeals, complaining that CCWF defendants Sgt. Gibson and Sgt. Robertson were denying her access to the law library and legal materials adequate to enable her to file a complaint concerning the above-noted assault and to comply with other court deadlines. (TAC 44:¶ 6.) On August 19, 2007, plaintiff was returned to CCCJ for court hearings (TAC 41:¶ 22), and she remained there until she was returned to CCWF on November 5, 2007 (TAC 42:¶ 27).

Plaintiff believed the statutory deadline for filing the instant complaint was August 29, 2007. (TAC 41:¶ 22.) Because of the denial of access to the law library and legal materials at CCWF, however, plaintiff was not able to file her original complaint in this matter until March 2008. (TAC 43:¶ 3-45:¶ 7.)

Based on the above allegations, plaintiff claims CCWF Sgts. Gibson and Roberts, as well as Warden Gail Patrick, have violated her constitutional right of access to the courts.

## DISCUSSION

---

[1] Plaintiff has also named CCWF Warden Gail Patrick as a defendant to her claim. Warden Patrick, however, has not been served; consequently, no appearance has been made on her behalf.

[2] The Contra Costa County defendants have filed a separate motion to dismiss with respect to the claims asserted against them in the TAC. (Docket No. 25.) The motion has been fully briefed and is addressed in a separate order filed concurrently herewith.

[3] As the instant motion pertains solely to the claims asserted against the CCWF defendants, only the facts alleged by plaintiff in the TAC with respect to those claims are set forth herein.

2

Defendants Gibson and Roberts move to dismiss plaintiff's claims on the ground plaintiff has failed to exhaust her administrative remedies as required under 42 U.S.C. § 1997(e).

A. Standard of Review

Non-exhaustion under § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). A nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion. Id. In deciding such a motion, the district court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes the prisoner has not exhausted nonjudicial remedies, the complaint is subject to dismissal without prejudice. Id. at 1120; see also Lira v. Herrera, 427 F.3d 1164, 1175 (9th Cir. 2005) (holding when complaint includes both exhausted and unexhausted claims court should dismiss unexhausted claims).

B. The Exhaustion Requirement

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002).

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, ("CCR"),

§ 3084.1(a).[4] In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal level appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). See CCR § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38. At each level of appeal, the inmate "must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." CCR § 3084.6(c).

The exhaustion requirement cannot be satisfied by the filing of an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford, 548 U.S. at 84. Rather, "proper exhaustion" of available administrative remedies is required. Id. at 92. The requirements of the prison's grievance process, not the PLRA, define the boundaries of proper exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

An action must be dismissed unless the prisoner first exhausted available administrative remedies before filing suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

C.    Analysis

Defendants argue plaintiff did not exhaust her administrative remedies because she did not receive, before filing the instant action, a decision on the merits from the Director's level of review with respect to the claims plaintiff raises herein.

In support of their argument, defendants submit a declaration by N. Grannis ("Grannis"), Chief of the Inmate Appeals Branch ("IAB") at the California Department of Corrections and Rehabilitation. According to Grannis, the IAB keeps an electronic record of each inmate administrative appeal that has proceeded through the final level of review, the

---

[4] Unless otherwise noted, all further references to code sections are to title 15 of the California Code of Regulations.

4

Director's level. (Decl. N. Grannis Supp. Mot. Dismiss ("Grannis Decl.") ¶ 3.) Grannis has attached to his declaration the IAB computer printout of a report showing each inmate appeal filed by plaintiff at the Director's level of review since the time the computer system was commenced in 1993. (Id. ¶ 4 & Ex. A.) The report lists which of plaintiff's appeals were addressed at the Director's level of review and which appeals were "screened out," i.e., rejected for procedural reasons, at the Director's level of review. (Id. ¶ 3.)

As relevant to the instant action, the report of plaintiff's Director's-level appeals shows that the Director's level did not accept or review any inmate appeals from plaintiff before she mailed her original complaint in the instant action to the court on March 12, 2008. Specifically, the only inmate appeals received from plaintiff at the Director's level before March 12, 2008 were screened out for various reasons. Further, the report shows that a final decision on plaintiff's appeal number CCWF-08-0004, which appeal concerns plaintiff's access to the law library and legal supplies in order to meet court deadlines, was not issued by the Director's level until November 5, 2008, nearly eight months after plaintiff filed the instant action. (Id. ¶ 7 & Ex. A.)

Based on the above evidence, defendants argue the administrative appeals process was available to plaintiff to exhaust her claims before filing suit, and plaintiff failed to properly exhaust her administrative appeals.

In opposition to the motion to dismiss, plaintiff does not dispute that her appeal concerning her access-to-the-courts claim was not addressed on the merits at the Director's level of review before she filed the instant action. Rather, she argues the Court should allow her claim to proceed because her administrative appeal was "granted" at the first level of review, thereby exhausting the claim. In particular, the evidence shows that Correctional Lieutenant V. Cambridge, on February 4, 2008, issued a First Level Appeal Response to plaintiff's grievance that she was not being allowed access to the law library and legal supplies necessary for her to litigate her civil actions. The appeal described the action requested by plaintiff as follows: "You are requesting access to the Law Library as well as the necessary indigent station[e]ry supplies needed for you to complete your legal work."

5

(Decl. of J. Nygaard ("Nygaard Decl.") in Supp. of Defs.' Reply Ex. 2 at 7.) Lt. Cambridge then provided the following response to plaintiff's request:

**APPEAL RESPONSE:**
I interviewed you on February 4, 2008 at the First Level of review to afford you the opportunity to explain your appeal issues in detail. During the interview, you indicated that you were getting access to the Law Library as well as the necessary indigent station[e]ry supplies needed for you to complete your legal work.

A review of the Administrative Segregation Unit's (ASU) Isolation Logbook indicates that you have been provided access to the Law Library every Monday, which is the allotted time slot for ASU inmates. The ASU staff also confirms that you have been provided with station[e]ry supplies as allowed in the ASU.

**APPEAL DECISION:**
Based on the aforementioned, your appeal is **Granted** at the First Formal Level of Review.

(Id.)

In response to plaintiff's opposition, defendants argue plaintiff's claim was not exhausted when it was granted at the first level of review because plaintiff continued to seek relief at the second and third (Director's) levels of review after she received the February 4, 2008 response. In particular, plaintiff, in her second-level appeal filed on March 6, 2008, stated she "disagree[d] with the remarks contained in the [first-level response]" and that she continued to be denied access to the law library and legal resources following the first-level interview. (Id. at 8-9.) At the second level of review, plaintiff's request for law library access was granted because the first level response indicated she was receiving such access, and her request for legal supplies was partially granted on the ground that such supplies would be issued to her if she could show she was indigent. (Id. at 10.) Plaintiff was not satisfied with the second-level response, however, and appealed to the Director's level of review on June 19, 2008, claiming her complaints had been misstated in the second-level response and stating she continued to be denied access to legal materials and supplies adequate to litigate her civil actions. (Id. at 10-13.)

A prisoner is required to pursue the exhaustion of administrative remedies as long as prison officials can take some responsive action to the prisoner's grievance. See Booth v.

6

Churner, 532 U.S. 731, 733-34 (2001). "The obligation to exhaust available remedies persists as long as some remedy remains 'available.'" Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005). Based on the above-noted course of events that followed the first-level response to plaintiff's appeal, the Court agrees with defendants that plaintiff's express disagreement with the decision granting her appeal, and her continued pursuit of further responsive action from prison officials, show that "some remedy" remained available to her even after the first-level appeal was granted. Consequently, the Court finds plaintiff's claim was not exhausted by issuance of the first-level response.

Plaintiff further argues she should be allowed to proceed with her claim because prison officials intentionally interfered with her ability to exhaust her administrative appeals by "indefinitely" delaying the response to her first-level appeal. Specifically, plaintiff claims that under prison regulations a response to her appeal should have been issued within twenty days, but in the instant case her first-level appeal was submitted on August 17, 2007 and she did not receive a response thereto until approximately five and one-half months later, when the first-level response was issued on February 4, 2008. While Woodford left open the possibility that proper exhaustion might not be required where prison administrators "devise procedural requirements that are designed to trap unwary prisoners and thus to defeat their claims," 548 U.S. at 102, the Court finds the evidence herein does not support such a finding. Specifically, the evidence shows: plaintiff filed her first-level appeal on August 17, 2007; she was transferred from CCWF back to the county jail two days later on August 19, 2007; she did not return to CCWF until November 6, 2007; after her return she was in the administrative segregation unit at CCWF until February 2008; she received a first-level response to her appeal on February 4, 2008. There is no evidence indicating when plaintiff first acted to revive her appeal following her return to CCWF. The Court concludes the facts derived from plaintiff's evidence fail to support her assertion that defendants intentionally and indefinitely delayed her access to the administrative appeals process for purposes of exhausting her claim of denial of access to the courts.

Based on the foregoing, the Court finds unpersuasive plaintiff's argument that her

7

1 failure to exhaust her administrative remedies as to her claims against the CCWF defendants
2 should be excused. Defendants have met their burden of raising and proving the absence of
3 exhaustion by showing plaintiff's appeal was not addressed at the Director's level of review
4 until more than seven months after she filed the instant action, and that administrative
5 remedies remained available to her to obtain the relief she sought after her first-level appeal
6 was granted. Plaintiff has not produced evidence to the contrary, nor has she shown an
7 inability to exhaust resulting from any procedural requirements designed to "trap" her and
8 make it impossible for her to complete the administrative appeals process. Accordingly, the
9 Court finds plaintiff did not properly exhaust her administrative remedies, and defendants'
10 motion to dismiss the claims against them as unexhausted will be granted.

D. Unserved Defendant

In its April 30, 2009 Order of Service, the Court directed the United States Marshal ("Marshal") to serve the three CCCJ employees and the three CCWF employees named as defendants to this action. The Marshal successfully served all defendants except Warden Gail Patrick, the former warden of CCWF. The address provided by plaintiff for defendant Patrick was a post office box at the headquarters of the CDCR in Sacramento. (Docket No. 12.) On November 23, 2009, the unexecuted summons was returned to the court with a notation by the Marshal that the summons had been returned to the Marshal by the CDCR on August 4, 2009, for the reason that the summons could not be delivered as addressed and could not be forwarded. (Docket No. 8.)

To date, Patrick has not been served. It is clear, however, that the claims against her are subject to dismissal for the reasons discussed above. Specifically, plaintiff alleges that Patrick oversaw the actions of CCWF defendants Gibson and Roberts, and there is no suggestion in the TAC and exhibits attached thereto, or in the briefs and exhibits filed in connection with the instant motion to dismiss, that the analysis of the nonexhaustion argument with respect to Patrick would differ in any respect from the analysis of such argument with respect to Gibson and Roberts. Given the Court's finding that plaintiff has failed to produce evidence showing she exhausted her administrative remedies with respect

1 to her claim against Gibson and Roberts for denial of access to the courts, plaintiff cannot
2 prevail on that same claim as against Patrick. Accordingly, the Court will dismiss the claim
3 against defendant Patrick as unexhausted. See Abagninin v. AMVAC Chemical Corp., 545
4 F.3d 733, 742 (9th Cir. 2008) (holding district court properly granted motion for judgment on
5 pleadings as to unserved defendants where such defendants were in position similar to served
6 defendants against whom claim for relief could not be stated); Columbia Steel Fabricators,
7 Inc. v. Ahlstrom Recovery, 44 F.3d 800, 803 (9th Cir. 1995) (affirming grant of summary
8 judgment in favor of nonappearing defendant where plaintiff, in response to summary
9 judgment motion filed by defendant who had appeared, had "full and fair opportunity to brief
10 and present evidence" on dispositive issue as to claim against nonappearing defendant).

## CONCLUSION

For the foregoing reasons, the motion to dismiss plaintiff's denial of access to the courts claim as unexhausted is hereby GRANTED as to defendants Gibson, Roberts and Patrick.

Upon the filing, concurrently herewith, of the Court's separate order granting the motion to dismiss filed by defendants Cavin, Chertkow and Rupf, the Clerk shall enter judgment in favor of all defendants and close the file.

This order terminates Docket No. 44

IT IS SO ORDERED.

DATED: March 18, 2010

_____
MAXINE M. CHESNEY
United States District Judge