Case3:08-cv-01483-MMC Document89 Filed09/23/11 Page1 of 4

<div style="text-align: left">**United States District Court**
For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | ) No. C 08-1483 MMC (PR) |
| Plaintiff, | ) **ORDER REOPENING CASE AFTER REMAND; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; GRANTING PLAINTIFF'S REQUEST TO RE-SERVE DEFENDANT PATRICK; DIRECTIONS TO CLERK** |
| v. | |
| DEPUTY JAMES CAVIN, et al., | |
| Defendants. | |
| _____ ) | |

On March 17, 2008, plaintiff, a California prisoner then incarcerated at the Central California Women's Facility in Chowchilla, California ("CCWF"), and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983.[1] Thereafter, by order filed April 30, 2009, the Court found the allegations in plaintiff's third amended complaint ("TAC"), when liberally construed, stated the following cognizable claims for relief: (1) violation of plaintiff's constitutional rights by Contra Costa County Jail ("CCCJ") officials during the time plaintiff was in their custody in August 2003, and (2) denial of access to the courts by various prison officials at CCWF.

On March 18, 2010, the Court granted separate motions to dismiss filed, respectively, by the CCCJ defendants and the CCWF defendants, finding plaintiff's claims against the

---

[1] Plaintiff currently is incarcerated at the Valley State Prison for Women.

former were time-barred and that she had failed to exhaust her administrative remedies as to the latter. Judgment was entered that same date. Plaintiff appealed to the Ninth Circuit Court of Appeals, which vacated the judgment and remanded. The mandate from the Ninth Circuit issued on September 8, 2011.

In light of the remand, the file will be reopened. This action shall proceed on the claims found cognizable in the Court's Order of Service filed April 30, 2009.

Additionally, the Court notes that defendant Warden Patrick ("Patrick") has not been served. Service on said defendant was attempted at the California Department of Corrections and Rehabilitation ("CDCR"); on November 23, 2009, the unexecuted summons was returned with the notation that Patrick had retired from the CDCR and that the CDCR was unable to forward the summons.

On September 21, 2011, plaintiff submitted a request to re-serve Patrick, noting Patrick was improperly named in the complaint as Gail Patrick. Plaintiff reports that Patrick's first name is Deborah and gives an address at which Patrick can be served. The Court will grant plaintiff's request to re-serve Patrick as set forth in this Order's Conclusion.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. <u>The Clerk shall reopen the file.</u>

2. Within **ninety (90)** days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable in the Court's Order of Service filed April 30, 2009. **If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendants shall so inform the Court prior to the date the motion for summary judgment or other dispositive motion is due.**

3. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and

served on defendants no later than **thirty (30)** days from the date defendants' motion is filed. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the plaintiff with the Court must be served on defendants' counsel, by mailing a true copy of the document to defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

3

No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.  Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11.  <u>With respect to defendant Patrick, the Clerk is directed to change said defendant's name on the docket from Warden Patrick to Deborah Patrick.</u>

12.  <u>The Clerk shall reissue summons, and the United States Marshal shall serve, without prepayment of fees, a copy of the third amended complaint (Docket No. 11), the Court's April 30, 2009 Order of Service (Docket No. 17), and a copy of this order upon defendant Deborah Patrick at the address provided in plaintiff's request to re-serve Patrick (Docket No. 87).</u>

13.  With the exception of disclosure to the United States Marshal's Service, Patrick's address shall be kept confidential and any documents relating to service on Patrick shall be filed under seal.

14.  <u>Because the address plaintiff identifies as Patrick's address has been scanned on the Court's electronic database as part of plaintiff's request to re-serve Patrick, the Clerk is directed to remove the entire scanned document and to a file a hard copy of the document under seal.</u>

IT IS SO ORDERED.

DATED: September 23, 2011

_____
MAXINE M. CHESNEY
United States District Judge