**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK, | No. C 08-1483 MMC (PR) |
| Plaintiff, | **ORDER GRANTING REQUEST FOR SUBPOENAS; DENYING REQUEST FOR COURT TO ORDER DEPOSITIONS; DIRECTIONS TO CLERK** |
| v. | |
| DEPUTY JAMES CAVIN, et al., | |
| Defendants. | **(Docket No. 94, 95, 97)** |

On March 17, 2008, plaintiff, a California prisoner then incarcerated at the Central California Women's Facility in Chowchilla, California ("CCWF"), and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983.[1] On March 10, 2010, the Court dismissed plaintiff's claims and entered judgment for defendants. On August 17, 2011, the Ninth Circuit issued an opinion reversing this Court's dismissal of plaintiff's claims and remanding for further proceedings. On September 23, 2011, the Court reopened the case and informed the parties they could take discovery in accordance with the Federal Rules of Civil Procedure. Now pending before the Court are plaintiff's request for "three subpoenas duces tecum" and request to depose defendants. The Court addresses each request in turn.

---

[1] Plaintiff currently is incarcerated at Valley State Prison for Women ("VSPW").

1    First, with respect to the subpoenas duces tecum, good cause appearing, the request
2  will be granted.

3    Second, with respect to the depositions, plaintiff requests defendants Cavin,
4  Chertkow, Rupf, Roberts, Gibson, and Patrick be ordered to appear at VSPW to have their
5  depositions taken, and that the Court order the Warden of VSPW to make a private room
6  available for the purpose of taking such depositions as well as provide equipment for the
7  recording of such depositions.

8    In general, the court is not involved with discovery matters unless and until the parties
9  have satisfied the "meet and confer" requirements of the discovery rules. See Fed. R. Civ. P.
10 37(a)(1) (providing motion to compel must include certification movant has in good faith
11 conferred or attempted to confer with non-disclosing party in effort to secure disclosure
12 without court action). Moreover, federal courts do not conduct discovery for the parties.
13 Accordingly, plaintiff's request for the Court to order depositions and/or the manner in which
14 such discovery is to be taken will be denied without prejudice.

15   If plaintiff wishes to have a witness appear to testify at deposition, she must make
16 arrangements to pay for it. The cost for a deposition is the cost of a court reporter (for which
17 plaintiff must make arrangements and pay), plus a witness fee of $40.00 per day and actual
18 transportation expenses. See 28 U.S.C. § 1821. The court does not waive these costs and
19 fees, even for litigants appearing in forma pauperis, and plaintiff must pay them herself or
20 have someone pay them on her behalf.

21   Due to the cost of conducting depositions, many litigants find it easier to try to obtain
22 discovery through several other discovery methods available under the Federal Rules of Civil
23 Procedure. For example: if plaintiff wants written responses from a defendant, she can send
24 a set of interrogatories (Rule 33); if she only wants single-word answers (i.e., "admit" or
25 "deny") from a defendant, she can send a request for admission (Rule 36); if she wants
26 documents from a defendant, she can send a request for production of documents (Rule 34).
27 Discovery requests and responses normally are exchanged between the parties without any
28 copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that

"must not" be filed with court until used in proceeding or court orders otherwise).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's request for subpoenas duces tecum is hereby GRANTED; <u>the Clerk is DIRECTED to send three blank subpoenas to plaintiff for her to complete and return to the court for issuance by the Clerk and thereafter to be returned to plaintiff for service.</u>

2. Plaintiff's request for depositions is hereby DENIED without prejudice.

This order terminates Docket Nos. 94, 95, and 97.

IT IS SO ORDERED.

DATED: November 9, 2011

_____
MAXINE M. CHESNEY
United States District Judge