IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPUTY JAMES CAVIN, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 08-1483 MMC (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM OFFICE OF CONTRA COSTA COUNTY PUBLIC DEFENDER; GRANTING PLAINTIFF'S MOTION TO LIMIT SERVICE OF DISCOVERY PLEADINGS; DENYING PLAINTIFF'S REQUEST FOR REFUND OF COURT FILING FEES; DENYING AS MOOT PLAINTIFF'S REQUEST FOR COURT CALENDARING INFORMATION; GRANTING PLAINTIFF'S REQUEST FOR CASE DOCKET; DIRECTIONS TO CLERK**<br><br>**(Docket Nos. 132, 133, 135, 145, 146, 154)** |

　　On March 17, 2008, plaintiff, a California prisoner then incarcerated at the Central California Women's Facility in Chowchilla, California ("CCWF"), and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983.[1]　Thereafter, by order filed April 30, 2009, the Court found the allegations in plaintiff's third amended complaint

---

[1] Plaintiff currently is incarcerated at Valley State Prison for Women ("VSPW").

1 ("TAC") when liberally construed, stated claims for excessive force and supervisorial
2 liability against Contra Costa County Sheriff's Deputy James Cavin, Deputy Lt. Matt
3 Chertkow, and Sheriff Warden Rupf (collectively "County Defendants"). The Court also
4 found the TAC stated a claim against various prison officials at CCWF ("State Defendants"),
5 for denial of access to the courts.

6 On March 10, 2010, the Court dismissed plaintiff's claims and entered judgment for
7 all defendants. On August 17, 2011, the Ninth Circuit issued an opinion reversing the
8 dismissal and remanding for further proceedings. Thereafter, on September 23, 2011, the
9 Court reopened the case and informed the parties they could take discovery in accordance
10 with the Federal Rules of Civil Procedure. Now pending before the Court are: (1) plaintiff's
11 motion to compel discovery from the Office of the Contra Costa County Public Defender;
12 (2) plaintiff's motion to limit service of discovery pleadings; (3) plaintiff's request for a
13 refund of court filing fees; (4) plaintiff's request for information as to the noticing and
14 hearing of motions; and (5) plaintiff's request for a copy of the case docket.[2]

15 A.  Plaintiff's Motion to Compel

16 On February 16, 2012, plaintiff filed a motion to compel discovery from a third party,
17 specifically the Office of the Contra Costa County Public Defender. (Docket No. 132.) On
18 March 5, 2012, plaintiff re-filed the motion. (Docket No. 133.) Therein, plaintiff states that
19 on August 29, 2003, in the "anteroom" of the state superior court, defendant Sheriff's Deputy
20 James Cavin struck her in front of her appointed Assistant Public Defender Laurie Mont
21 ("Mont"). Plaintiff further states that the attack broke her elbow and that on or about
22 August 29, 2003, the Office of the Public Defender sent an investigator to photograph
23 plaintiff's injuries. Plaintiff has served a subpoena duces tecum on the Office of the Contra
24 Costa County Public Defender, seeking the investigator's file and any other material
25 pertaining to the August 29, 2003 incident. (Docket No. 133, Ex. A.)

---

[2] Also pending are: (1) the State Defendants' motion to dismiss or sever; (2) the County Defendants' motion for summary judgment; and (3) plaintiff's motion to compel discovery from the Superior Court, which motions will be addressed in a separate order.

In response thereto, the Office of County Counsel for Contra Costa County ("County Counsel") filed a declaration by Terri A. Mockler ("Mockler"), custodian of records for the Office of the Public Defender (Docket No. 141, Ex. A); in said declaration, dated December 23, 2011, Mockler states the Office of the Public Defender has no records described in the subpoena duces tecum. Concurrent therewith, however, County Counsel submitted a declaration, dated March 19, 2012, by Robin Lipetzky ("Lipetzky"), Public Defender for Contra Costa County (Docket No. 142); Lipetzky states therein that she conducted a further search after she received plaintiff's March 5, 2012 "Additional Declaration in Support of Motion to Compel," and that, in the course of said search, she located a memorandum Mont had prepared regarding plaintiff's August 29, 2003 court appearance. (See id.) Lipetzky characterizes the document as a "work product memorandum" (id. at 2) and lists it in a privilege log attached to her declaration (Docket No. 142, Ex. A). Lipetzky further states that, due to a conflict, the Office of the Public Defender was relieved as counsel for plaintiff in her 2003 criminal case and that any other files pertaining to the case were provided to plaintiff's subsequent attorney.

Assuming, arguendo, the above-referenced memorandum constitutes attorney work product, the Court finds said document is subject to discovery by plaintiff. Although an attorney may assert work product protection in his or her own right even if the client has not directed the attorney to do so, an attorney "has no right to withhold information that the client directs the attorney to disclose [ ] to the client." See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial, §§ 11:915-11:916 (2011) (citing Martin v. Valley Nat. Bank of Arizona, 140 F.R.D. 291, 321 (S.D.N.Y. 1991); see also Spivey v. Zant, 683 F.2d 881, 885 (5th Cir. 1982) (holding habeas petitioner's former attorney could not rely on work product doctrine to refuse to disclose attorney's files subpoenaed by petitioner to support claim challenging court order; noting work product doctrine "pertains . . . when the materials are sought by an adversary of the attorney's client").

Accordingly, plaintiff's motion to compel production of the memorandum listed as "attorney work-product" in the privilege log attached as Exhibit A to the Lipetzky Declaration

3

1 will be granted. As it appears the Office of the Public Defender possesses no other documents
2 responsive to plaintiff's subpoena duces tecum, plaintiff's motion to compel will be denied as
3 to any other requested documents.

4 B.   Plaintiff's Motion to Limit Service of Discovery Pleadings

5     On March 5, 2012, plaintiff, citing Rule 5(a) of the Federal Rules of Civil Procedure,
6 moved to "limit service of discovery pleadings" (Docket No. 135), by which filing plaintiff
7 seeks an order permitting her: (1) to serve discovery requests and responses that are directed
8 to the County Defendants only upon counsel for the County Defendants, and (2) to serve
9 discovery requests and responses that are directed to the State Defendants only upon counsel
10 for the State Defendants. In support thereof, plaintiff explains that her limited access to paper
11 and other supplies makes it difficult for her to serve all parties to the action. (Docket No.
12 145.) Defendants have submitted statements of non-opposition to plaintiff's motion to limit
13 service in the manner requested. (Docket Nos. 151, 152.) Accordingly, good cause
14 appearing, said motion will be granted.

15 C.   Plaintiff's Request for Refund of Court Filing Fee

16     In its August 17, 2011 opinion, the Ninth Circuit stated: "Defendants shall bear the
17 costs on appeal." (See Docket No. 83 at 3.) Thereafter, plaintiff submitted a bill of costs
18 seeking: (1) reimbursement in the amount of $9.24, the sum that had been deducted from her
19 prison trust account and applied to the filing fee for the appeal, and (2) payment by defendants
20 of the balance of such filing fee. On December 29, 2011, the Clerk of Court taxed the
21 requested costs (Docket No. 121), and plaintiff confirms that defendants have issued a check
22 to her in the amount of $9.24 and paid the balance of her filing fee. (Docket No. 146.)
23 Plaintiff states, however, that VSPW thereafter deducted another $20.00 from her prison trust
24 account as payment toward said fee, for which sum plaintiff seeks a refund. (Id.)

25     Contrary to plaintiff's assertion, the $20.00 deduction was not applied to the fee for the
26 filing of the appeal. Rather, the funds were applied to the filing fee owed for the filing of the
27 complaint in the district court. As stated in this Court's April 28, 2008 order granting plaintiff
28 leave to proceed in forma pauperis (Docket No. 4), the total filing fee that ultimately will be

4

due in the instant action is $350.00, and that the funds for payment of said fee are to be taken from monies credited to plaintiff's prison trust account.

Accordingly, plaintiff's request for a refund will be denied.

D.  Plaintiff's Request for Court Calendaring Information

Plaintiff requests information as to the Court's hearing calendar and inquires as to whether she can notice motions on that calendar and appear at the hearings telephonically. (Docket No. 154.) To date, all motions filed in the instant action have been appropriate for decision on the parties' written submissions. Consequently, unless otherwise ordered hereafter, all such motions will be deemed submitted on the papers on the date the reply is due. Accordingly, plaintiff's request for calendaring information will be denied as moot.

E.  Plaintiff's Request for Case Docket

Plaintiff's request for a copy of the docket in this action (Docket No. 154) will be granted.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion to compel discovery from the Office of the Contra Costa County Public Defender is hereby GRANTED IN PART and DENIED IN PART as follows:

To the extent plaintiff seeks discovery of the memorandum described as attorney work product in the privilege log attached as Exhibit A to the Lipetzky Declaration, the Office of the Contra Costa County Public Defender is directed to make said document available to plaintiff within 14 days of this order; in all other respects, the motion is DENIED.

2. Plaintiff's motion to limit service of discovery pleadings is hereby GRANTED.

3. Plaintiff's request for a refund of her court filing fee is hereby DENIED.

4. Plaintiff's request for calendaring information is hereby DENIED as moot.

5. Plaintiff's request for a copy of the docket in the instant action is hereby GRANTED; the Clerk is DIRECTED to send plaintiff a copy of the case docket at plaintiff's most recent address of record.

6. The Clerk is further DIRECTED to serve a copy of this order on the Office of County Counsel for Contra Costa County, 651 Pine Street, 9th Floor, Martinez, CA 94553.

This order terminates Docket Nos. 132, 133, 135, 145, 146, and 154.

IT IS SO ORDERED.

DATED: May 2, 2012

_____
MAXINE M. CHESNEY
United States District Judge