IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPUTY JAMES CAVIN, et al.,<br><br>  Defendants.<br>_____ | No. C 08-1483 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM CONTRA COSTA COUNTY SUPERIOR COURT; GRANTING DEFENDANTS ROBERTS AND GIBSON'S MOTION TO DISMISS; DISMISSING UNSERVED DEFENDANT PATRICK; DIRECTIONS TO CLERK**<br><br>**(Docket Nos. 99, 138)** |

On March 17, 2008, plaintiff, a California prisoner then incarcerated at the Central California Women's Facility in Chowchilla, California ("CCWF"), and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983.[1] Thereafter, by order filed April 30, 2009, the Court found the allegations in plaintiff's third amended complaint ("TAC") when liberally construed, stated claims for excessive force and supervisorial liability against Contra Costa County Sheriff's Deputy James Cavin, Deputy Lt. Matt Chertkow, and Sheriff Warden Rupf (collectively "County defendants"). The Court also found the TAC stated a claim for denial of access to courts against CCWF prison officials Deborah Patrick, Sergeant Roberts, and Sergeant Gibson (collectively "CCWF defendants").

---

[1] Plaintiff currently is incarcerated at Valley State Prison for Women ("VSPW").

Now pending before the Court are: (1) plaintiff's motion to compel discovery from the Contra Costa County Superior Court; and (2) defendants Roberts and Gibson's motion to dismiss, or alternatively, to sever the complaint.[2]

**FACTUAL AND PROCEDURAL BACKGROUND**

In the TAC, plaintiff alleges the following:

In 2002 and 2003, in Contra Costa County Superior Court, plaintiff faced criminal proceedings for the murder of her husband. (TAC at 3: ¶¶1-3.) On August 29, 2003, when plaintiff was on her way to court to submit a "Faretta" motion, Deputy Cavin asked plaintiff if she was going to represent herself and told her she "better not talk in court." (TAC at 12: ¶6-13:¶7.) When, prior to presenting her motion, plaintiff was conferring through a plexi-glass window with two representatives from the Public Defender's office, Cavin interrupted, shouting "I told you not to talk in court," and then hit plaintiff twice on her left shoulder and chest. (TAC at 15: ¶¶12-13.) Lt. Chertkow was watching through the plexi-glass but did nothing to intervene. (TAC at 15: ¶16.)

Cavin then removed plaintiff from the courtroom into the holding area and hit plaintiff on her elbow with a "blackjack," causing her to collapse on the floor in excruciating pain. (TAC at 16: ¶¶18-20.) Plaintiff cried out to a female deputy that her elbow was broken. (TAC at 16: ¶21.) Before plaintiff was taken to the hospital, Lt. Chertkow was extremely hostile toward her, refused to allow her to file a complaint against Deputy Cavin, and threatened to charge her with battery against a police officer. (TAC at 18: ¶31.) Later that afternoon, plaintiff was taken to a local hospital where an X-ray confirmed her elbow was broken. (TAC at 18: ¶¶32-33.) Plaintiff further alleges that County Sheriff Rupf implemented a policy of "placing the most aggressive and violent officers in charge of the most vulnerable inmates." (TAC at 32: ¶34.)

In February 2007, plaintiff was transferred to VSPW (TAC at 38: ¶14), and in June

---

[2] Also pending is County defendants' motion for summary judgment, which motion will be addressed in a separate order.

2007 she was transferred to administrative segregation at CCWF (TAC at 40: ¶18). In August 2007, plaintiff filed emergency administrative appeals, complaining that CCWF defendants Sgt. Gibson and Sgt. Robertson were denying her access to the law library and to legal materials adequate to enable her to file a complaint concerning the above-noted assault and to comply with other court deadlines. (TAC 44: ¶¶5-6.) Plaintiff further alleges that CCWF's acting warden at the time, Deborah Patrick ("Patrick"), implemented "a policy . . . depriving inmates in Ad Seg of their legal materials and legal supplies [and] access to a law library." (TAC 43: ¶3.)

Based on the above allegations, the Court found plaintiff stated cognizable claims for excessive force and supervisorial liability against County defendants and a claim for denial of access to the courts against CCWF defendants.

Thereafter, County defendants moved to dismiss the claims against them on the ground that such claims were barred by the statute of limitations. By order entered March 18, 2010, the Court granted the motion to dismiss plaintiff's claims against County defendants as time-barred. (Docket No. 73.) By separate order entered the same date, the Court also granted a separate motion to dismiss filed by CCWF defendants, on the ground that plaintiff had failed to exhaust her administrative remedies as to her claims against them. (Docket No. 74.) On August 17, 2011, the Ninth Circuit issued an opinion reversing the dismissals and remanding for further proceedings. (Docket No. 83.) Thereafter, on September 23, 2011, the Court reopened the case and directed defendants to file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable in the TAC. (Docket No. 89.)

**DISCUSSION**

A. <u>Plaintiff's Motion to Compel</u>

On March 16, 2012, plaintiff filed a motion to compel discovery from the Contra Costa County Superior Court ("Superior Court"). (Docket No. 138.) Therein, plaintiff stated that, on January 29, 2012, she served a subpoena duces tecum seeking records from the Superior Court and had not yet received a response. On March 23, 2012, County defendants

3

1 filed a response stating they had no involvement with the subpoena but believed the Superior
2 Court had not been served with either the subpoena or the motion to compel. (Docket No.
3 143.) On April 5, 2012, plaintiff responded by admitting she had failed to serve the Superior
4 Court. (Docket No. 150.) Plaintiff also stated she had since served the Superior Court with
5 the motion to compel, but she did not state whether she had served the Superior Court with
6 the subpoena itself. (Id.)

7 There is no indication that plaintiff has served the Superior Court with the subpoena
8 duces tecum. Further, plaintiff fails to certify that she has fulfilled the meet and confer
9 requirement under Federal Rule of Civil Procedure 37(a)(1) and Northern District of
10 California Civil Local Rule 37-1(a).

11 Accordingly, plaintiff's motion to compel will be denied.

12 B. <u>Defendants Roberts and Gibson's Motion to Dismiss</u>

13 Defendants Roberts and Gibson move, pursuant to Rule 12(b)(6) of the Federal Rules
14 of Civil Procedure, to dismiss plaintiff's claim against them for denial of access to courts.[3]
15 For the reasons discussed below, the Court will grant the motion to dismiss.

16     1. <u>Standard of Review</u>

17 Rule 12(b)(6) provides for dismissal of any cause of action that "fail[s] to state a claim
18 upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by
19 a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's
20 obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels
21 and conclusions, and a formulaic recitation of the elements of a cause of action will not
22 do. . . . Factual allegations must be enough to raise a right to relief above the speculative
23 level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007) (citations omitted)
24 (brackets in original). A motion to dismiss should be granted where the complaint does not
25 proffer "enough facts to state a claim for relief that is plausible on its face." <u>Id.</u> at 570.

---

[3] As noted, plaintiff has also named former CCWF Warden Patrick as a defendant to said claim. Patrick, however, has not been served; consequently, no appearance has been made on her behalf.

4

The court must accept as true all material allegations in the complaint, but it need not accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Review is limited to the contents of the complaint, including documents physically attached to the complaint or documents on which the complaint necessarily relies and whose authenticity is not contested. Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). The court may also take judicial notice of facts that are not subject to reasonable dispute. Id.

A denial of access claim is cognizable under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts sufficient to show (1) a person acting "under color of state law" committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C. § 1983; Shah v. County of Los Angeles, 797 F.2d 743, 746 (9th Cir. 1986).

2. Analysis

Plaintiff alleges that CCWF defendants prevented her from timely bringing suit against County defendants for the claims asserted against County defendants in the TAC.

"Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts." Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007) (citing Lewis v. Casey, 518 U.S. 343, 346 (1996)), vacated on other grounds by Hust v. Phillips, 129 S.Ct. 1036 (2009)). The right of access requires prison officials to provide inmates the opportunity to "prepare, serve, and file" court documents in cases affecting their liberty. Id. at 1075-76 (internal quotation and citation omitted). Prisoners do not, however, have a constitutional right to a law library. Lewis, 518 U.S. at 350-51. Law libraries are only one means of assuring prisoners meaningful access to the courts. Id.

There are two types of access to courts claims: forward-looking and backward-looking. See Christopher v. Harbury, 536 U.S. 403, 413-14 (2002). A forward-looking claim arises where "systemic official action frustrates a plaintiff or plaintiff class in preparing or filing suits at the present time"; the purpose of a forward-looking claim is to remove the frustrating

5

condition such that a lawsuit may be filed in the future. Id. at 413. A backward-looking claim concerns the lost opportunity to litigate a specific case, "no matter what official action [is taken] in the future." Id. at 413-14. Plaintiff's cause of action is a backward-looking claim. She argues that CCWF defendants' actions and policies denied her adequate time in the law library and adequate access to legal materials, rendering her unable to meet the statute of limitations for filing the instant lawsuit against County defendants.

To adequately plead a backward-looking denial of access claim, plaintiff must allege three elements: "1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips, 477 F.3d at 1076 (citing Christopher, 536 U.S. at 413-14). The first element requires plaintiff to show she suffered an "actual injury" by being "shut out of court." Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351; Phillips, 477 F.3d at 1076. The second element requires plaintiff to show that a defendant "proximately caused" the alleged violation of plaintiff's rights. Phillips, 477 F.3d at 1077. The third element requires plaintiff to show she has "no other remedy than the relief available in [the] denial of access suit." Id. at 1078-79.

Plaintiff's allegations fail at the first step. Plaintiff successfully filed this action against County defendants, and she is still pursuing her claims against them. Although this Court originally dismissed plaintiff's claims against County defendants as time-barred, the Ninth Circuit, as noted above, reversed and remanded for further proceedings on those claims. Because plaintiff's lawsuit against County defendants remains pending, she has sustained no "actual injury" as a result of being "shut out of court." See Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351. For the same reasons, plaintiff cannot show CCWF defendants proximately caused any such injury, the second element of a denial of access claim. See Phillips, 477 F.3d at 1077. Lastly, plaintiff fails to show she has no remedy other than the relief available on her denial of access claim, the third element. See Phillips, 477 F.3d at 1078-79.

Although, at a later stage of the proceedings, plaintiff's claims against County

1 defendants may be found time-barred, at this stage of the proceedings, her denial of access
2 claim is premature. Premature claims for denial of access to the courts are subject to
3 dismissal without prejudice. Delayed v. Wagner, 143 F.3d 1219, 1222-23 (9th Cir. 1998);
4 see, e.g., Kari-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 625 (9th Cir.1988)
5 (ordering dismissal without prejudice where plaintiff's allegations would be mooted if he
6 were to succeed on claims that remained pending).

7 Accordingly, plaintiff's claims against defendants Roberts and Gibson will be
8 dismissed without prejudice.[4]

9 C. Unserved Defendant

10 To date, Patrick has not been served. Two attempts to serve Patrick have been
11 unsuccessful, and plaintiff has been unable to provide a current address for said defendant. It
12 is clear, however, that the claims against Patrick are subject to dismissal for the reasons
13 discussed above. Specifically, plaintiff alleges that Patrick oversaw the actions of CCWF
14 defendants Roberts and Gibson, and there is no suggestion in the TAC and exhibits attached
15 thereto, or in the briefs and exhibits filed in connection with the instant motion to dismiss, that
16 the Court's analysis under Rule 12(b)(6) with respect to the claims against Patrick would
17 differ in any respect from the analysis thereunder with respect to the claims against Roberts
18 and Gibson. Given the Court's finding that plaintiff's denial of access claim against Roberts
19 and Gibson is premature, plaintiff cannot prevail on that same claim as against Patrick.

20 Accordingly, the Court will dismiss plaintiff's denial of access claim against defendant
21 Patrick. See Abagninin v. AMVAC Chemical Corp., 545 F.3d 733, 742 (9th Cir. 2008)
22 (holding district court properly granted motion for judgment on pleadings as to unserved
23 defendants where such defendants were in position legally indistinguishable from that of
24 served defendants, against whom claim for relief could not be stated); Columbia Steel
25 Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 803 (9th Cir. 1995) (affirming grant of

---

[4] In light of such finding, the Court does not reach defendants Roberts and Gibson's alternative argument that the claims against them should be severed under Rule 21 of the Federal Rules of Civil Procedure.

7

summary judgment in favor of nonappearing defendant where plaintiff, in response to summary judgment motion filed by defendant who had appeared, had "full and fair opportunity to brief and present evidence" on dispositive issue equally applicable to claim against nonappearing defendant).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion to compel discovery from the Contra Costa County Superior Court is hereby DENIED.

2. Plaintiff's claim alleging denial of access to the courts is hereby DISMISSED WITHOUT PREJUDICE as to defendants Roberts, Gibson, and Patrick.

3. The Clerk is DIRECTED to terminate Roberts, Gibson, and Patrick as defendants on the court docket.

4. The Clerk is further DIRECTED to serve a copy of this order on: (1) Contra Costa County Superior Court, Court Records Clerk, 1111 Ward Street, Martinez, CA 94553; and (2) Office of County Counsel for Contra Costa County, 651 Pine Street, 9th Floor, Martinez, CA 94553.

This order terminates Docket Numbers 99 and 138.

IT IS SO ORDERED.

DATED: May 23, 2012

_____
MAXINE M. CHESNEY
United States District Judge