IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SUSAN MAE POLK, | ) | No. C 08-1483 MMC (PR) |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE SHERIFF LIVINGSTON** |
| v. | ) | |
| JAMES CAVIN, et al., | ) | **(Docket No. 231)** |
| Defendants. | ) | |
| _____ | ) | |

On March 17, 2008, plaintiff, a California prisoner then incarcerated at the Central California Women's Facility in Chowchilla, California ("CCWF"), and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983.[1] Thereafter, by order filed April 30, 2009, the Court found the allegations in plaintiff's Third Amended Complaint ("TAC") when liberally construed, stated claims for: (1) excessive force, as against Contra Costa County Sheriff's Deputy James Cavin ("Cavin"), and (2) supervisorial liability, as against Contra Costa County Deputy Lt. Matt Chertkow ("Cherktow") and Sheriff Warren

---

[1] Plaintiff currently is incarcerated at California Institution for Women ("CIW").

1  Rupf ("Rupf").[2] On March 10, 2010, the Court dismissed plaintiff's claims and entered
2  judgment for defendants. On August 17, 2011, the Ninth Circuit issued an opinion reversing
3  this Court's dismissal of plaintiff's claims and remanding for further proceedings. On
4  September 23, 2011, the Court reopened the case. On December 22, 2011, defendants filed a
5  motion for summary judgment. Plaintiff's opposition is currently due on or before March 28,
6  2013.

7  On December 26, 2012, plaintiff filed a motion by which plaintiff informed the Court
8  defendant Rupf is deceased, and by which plaintiff now seeks to substitute or add, as a
9  defendant and as Rupf's successor, current Contra Costa County Sheriff David O. Livingston
10 ("Livingston"). Defendants have opposed the motion, and plaintiff has filed a reply.

11 Defendants argue Rupf was a party to this action only in his individual capacity and
12 not in his official capacity. Defendants are correct that Livingston can only be named as
13 Rupf's successor if the complaint alleges a claim against Rupf in his official capacity. "[A]
14 suit against a state official in his or her official capacity is not a suit against the official but
15 rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S.
16 58, 71 (1989). "Thus, where an official is replaced . . . during the pendency of the suit, it is
17 appropriate to substitute the name of the replacement in place of the prior official, only with
18 regard to the official-capacity basis for suit." Figueroa v. Gates, 120 F. Supp. 2d 917, 920
19 (C.D. Cal. 2000).

20 Plaintiff argues she "did sue Mr. Rupf in his 'official' capacity" and therefore the
21 Contra Costa County Sheriff's Office is a party to this action. (Mot. at 2.) The Court
22 disagrees.

23 Although local governmental entities are "persons" subject to liability under 42 U.S.C.
24 § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of
25 Social Services, 436 U.S. 658, 690 (1978), in order to impose municipal liability under

---

27 [2] The Court also found the TAC stated a claim against CCWF prison officials
28 Deborah Patrick, Sergeant Roberts, and Sergeant Gibson for denial of access to the courts. Said defendants were dismissed without prejudice by order filed May 23, 2012.

2

§ 1983 for a violation of constitutional rights, plaintiff must show that: (1) she possessed a constitutional right of which she was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy was the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

In its order dismissing plaintiff's First Amended Complaint, the Court specifically gave plaintiff leave to amend to allege "facts showing the Contra Costa County Sheriff's Department had a policy that was deliberately indifferent to her constitutional rights and that such policy was the moving force behind Cavin's use of excessive force." (Dkt. No. 5 at 3.) Plaintiff has failed to do so. In the TAC, she alleges the following:

> I am seeking compensation from Sheriff Rupf, who bears responsibility for a policy which exposes inmates to rogue officers who have a history of aggression, and an official policy of intimidating pro per defendants, in violation of constitutional guarantees.

(TAC at 43.)[3] The TAC does not include additional facts setting forth the specific nature of any such alleged policy and, accordingly, fails to state a claim based on official capacity. See Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) (holding "to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.")

For the foregoing reasons, plaintiff's motion to substitute Sheriff Livingston as a defendant in this action is hereby DENIED.

This order terminates Docket No. 231.

IT IS SO ORDERED.

DATED: February 19, 2013

MAXINE M. CHESNEY
United States District Judge

---

[3] The TAC was filed shortly after plaintiff's Second Amended Complaint, thereby superceding the prior pleading.

3